**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

    Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

RMS TITANIC, INC.,

    Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

    Defendant.

Adv. Pro. No.

**ADVERSARY COMPLAINT**

Plaintiff, RMS Titanic, Inc. (the "Plaintiff"), by and through its undersigned attorneys, hereby alleges and complains against Defendant, the French Republic a/k/a Republic of France ("France" or the "Defendant"), as follows:

**NATURE OF ACTION**

1. This is an adversary proceeding brought pursuant to Rules 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

Sections 105 and 363 of Title 11 of the United States Code, §§ 101 et seq. (the "Bankruptcy Code") seeking (i) a declaratory judgment pursuant to Bankruptcy Rule 7001(9) that France has no interest in the French Artifacts (as defined below); or (ii) in the alternative, a determination pursuant to Bankruptcy Rule 7001(2) of the validity, priority, or extent of any interest of France in the French Artifacts (as defined below).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U. S.C. §§ 157 and 1334(b).

3.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

4.     Venue for this case and this adversary proceeding in this District are proper under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5.     Plaintiff is a debtor and debtor-in-possession in the above captioned Chapter 11 case.

6.     Defendant is a sovereign state with an address for purposes of service of:

Chambre Nationale des Huissiers de Justice
Service des Actes Internationaux
447, rue de Douai
75009 Paris, France

## BACKGROUND

7.     On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"). The factual

background regarding the Debtors, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Case Summary.

8. The Debtors continue to manage and operate their business as a debtor in possession under Bankruptcy Code sections 1107 and 1108.

9. No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed.

## RELIEF REQUESTED

10. By this adversary proceeding, Plaintiff requests entry of an order finding and holding (i) a declaratory judgment pursuant to Bankruptcy Rule 7001(9) that France has no interest in the French Artifacts (as such term is defined below); or (ii) in the alternative, a determination pursuant to Bankruptcy Rule 7001(2) of the validity, priority, or extent of any interest of France in the French Artifacts (as such term is defined below).

## TITANIC ARTIFACTS

### I. The French Artifacts

11. Titanic Ventures Limited Partnership ("TVLP"), a predecessor in interest to Plaintiff, (collectively "RMST"), with the assistance of Institut Francais de Recherche Pour l'Exploitation de la Mer, the French government's oceanographic institute ("IFREMER"), conducted an expedition to the wreck of the RMS TITANIC in 1987. Over the course of 32 dives during that expedition, TVLP recovered approximately 2,100 artifacts from the Titanic wreck site (the "French Artifacts" or the

3

"French Collection"). TVLP took the French Artifacts to France for conservation and restoration.

12. IFREMER is a French government agency under the supervision of the French Ministry of National Education and the Ministry of the Environment, Energy and Marine Affairs.

13. IFREMER and TVLP executed a charter agreement governing the respective duties, obligations, rights and benefits associated with the expedition (the "Charter Agreement").

14. A true and correct copy of the Charter Agreement is attached hereto as Exhibit A.

15. On October 20, 1993, an Administrator in the French Office of Maritime Affairs (Ministry of Equipment, Transportation and Tourism) pursuant to the proces verbal awarded the Company title to the French Artifacts (the "Proces Verbal").

16. A true and correct copy of the Proces Verbal is attached hereto as Exhibit B.

17. On September 22, 1993, TVLP wrote a letter to France noting the aspirations of the company with respect to the French Artifacts (the "September 22, 1993 Letter").

18. A true and correct copy of the September 22, 1993 Letter is attached hereto as Exhibit C.

19. The Administrator's decision "duly noted" assurances made by TVLP that it "agreed to make use of such objects in conformity with the respect due the

memory of their initial owners and to not carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition." See Exhibit C. These assurances were referenced in the Proces Verbal, but the Proces Verbal was unconditional.

20. Attached hereto as Exhibit D is a "Note" purportedly from the French Embassy dated July 8, 2016.

### II.  The American Artifacts

21. In 1993, RMST conducted an additional research and recovery expedition to the wreck of the Titanic, and on August 26, 1993, commenced an *in rem* action in United States District Court for the Eastern District of Virginia (the "EDVA Court") against the artifacts recovered in the 1993 expedition, and the wreck itself. Id.

22. A few months later, the EDVA Court entered an Order which assumed *in rem* jurisdiction over the artifacts recovered by RMST in 1993, as well as the wreck itself, and declared RMST to be the salvor-in-possession of the wreck and wreck site. Id. RMST remains salvor-in-possession of the Titanic wreck site today.

23. RMST conducted further salvage operations at the Titanic wreck site in 1994, 1996, 1998, 2000, and 2004 and recovered over 3,000 additional artifacts (the artifacts recovered in 1993, 1994, 1996, 1998, 2000, and 2004 shall be referred to as the "American Artifacts" or the "American Collection"). RMST conducted an additional research expedition to the wreck in 2010, but did not recover any artifacts.

24. The EDVA Court has *in rem* jurisdiction over the American Artifacts; it does not have jurisdiction over the French Artifacts.

### III. The Award of Title in the French Artifacts was Unconditional

25. Under French law, the Proces Verbal constitutes a legally enforceable administrative decision that transferred to RMST legal title to the French Artifacts.

26. The transfer of title to RMST was unconditional.

27. Title to the French Artifacts contains no liens or encumbrances, and no party other than RMST has a legal interest in them.

28. France never had any beneficial interest in the French Artifacts.

### COUNT I
### DECLARATORY JUDGMENT

29. The Plaintiff reallege and incorporate paragraphs 1 through 28 of this Complaint as if set forth in this Count I.

30. The Plaintiff brings this cause of action against Defendant seeking a declaration that France and all French government agencies have no interest in the French Artifacts.

31. There is a substantial and continuing controversy between Plaintiff and Defendant regarding the validity of title of the French Artifacts, and a declaration of rights is both necessary and appropriate to establish that France does not have any interest in the French Artifacts. See Exhibit D.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment against Defendant as follows:

(a) For declaratory judgment pursuant to Bankruptcy Rule 7001(9) that France and all French government agencies have no interest in the French Artifacts; or

(b) In the alternative, a determination pursuant to Bankruptcy Rule 7001(2) of the validity, priority, or extent of any interest of France in the French Artifacts; and

(c) Awarding Plaintiff such other legal or equitable relief as the Court deems just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By  */s/ Daniel F. Blanks*
Daniel F. Blanks (FL Bar No. 88957)
Lee D. Wedekind, III (FL Bar No. 670588)
50 N. Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Counsel for Plaintiff RMS Titanic, Inc.*

~#4813-4833-1829 v.4~