UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

---

RMS TITANIC, INC.,

Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

Defendant.

Adv. Pro. No. 3:16-ap-00183-PMG

---

**AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT FRENCH REPUBLIC A/K/A REPUBLIC OF FRANCE**

BEFORE ME this day personally appeared Jerome Henshall, who, after first being duly sworn, deposes and says:

1. Affiant makes all the following statements based on his own personal knowledge. Affiant is Chief Financial Officer, Director of Premier Exhibitions, Inc.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

2. Titanic Ventures Limited Partnership ("TVLP"), a predecessor in interest to Plaintiff, (collectively "RMST"), with the assistance of Institut Francais de Recherche Pour l'Exploitation de la Mer, the French government's oceanographic institute ("IFREMER"), conducted an expedition to the wreck of the RMS TITANIC in 1987. Over the course of 32 dives during that expedition, TVLP recovered approximately 2,100 artifacts from the Titanic wreck site (the "French Artifacts" or the "French Collection"). TVLP took the French Artifacts to France for conservation and restoration.

3. IFREMER is a French government agency under the supervision of the French Ministry of National Education and the Ministry of the Environment, Energy and Marine Affairs.

4. IFREMER and TVLP executed a charter agreement governing the respective duties, obligations, rights and benefits associated with the expedition (the "Charter Agreement").

5. A true and correct copy of the Charter Agreement is attached to the Adversary Complaint as Exhibit A.

6. On October 20, 1993, an Administrator in the French Office of Maritime Affairs (Ministry of Equipment, Transportation and Tourism) pursuant to the proces verbal awarded the Company title to the French Artifacts (the "Proces Verbal").

7. A true and correct copy of the Proces Verbal is attached to the Adversary Complaint as Exhibit B.

8.      On September 22, 1993, TVLP wrote a letter to France noting the aspirations of the company with respect to the French Artifacts (the "September 22, 1993 Letter").

9.      A true and correct copy of the September 22, 1993 Letter is attached to the Adversary Complaint as Exhibit C.

10.     The Administrator's decision "duly noted" assurances made by TVLP that it "agreed to make use of such objects in conformity with the respect due the memory of their initial owners and to not carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition." See Exhibit C to the Adversary Complaint. These assurances were referenced in the Proces Verbal, but the Proces Verbal was unconditional.

11.     Attached to the Adversary Complaint as Exhibit D is a "Note" purportedly from the French Embassy dated July 8, 2016.

12.     In 1993, RMST conducted an additional research and recovery expedition to the wreck of the Titanic, and on August 26, 1993, commenced an *in rem* action in United States District Court for the Eastern District of Virginia (the "EDVA Court") against the artifacts recovered in the 1993 expedition, and the wreck itself. Id.

13.     A few months later, the EDVA Court entered an Order that assumed *in rem* jurisdiction over the artifacts recovered by RMST in 1993, as well as the wreck itself, and declared RMST to be the salvor-in-possession of the wreck and wreck site. Id. RMST remains salvor-in-possession of the Titanic wreck site today.

14.	RMST conducted further salvage operations at the Titanic wreck site in 1994, 1996, 1998, 2000, and 2004 and recovered over 3,000 additional artifacts (the artifacts recovered in 1993, 1994, 1996, 1998, 2000, and 2004 shall be referred to as the "American Artifacts" or the "American Collection"). RMST conducted an additional research expedition to the wreck in 2010, but did not recover any artifacts.

15.	The EDVA Court has *in rem* jurisdiction over the American Artifacts; it does not have jurisdiction over the French Artifacts.

16.	The Proces Verbal constitutes a legally enforceable administrative decision that transferred to RMST legal title to the French Artifacts.

17.	The transfer of title to RMST was unconditional.

18.	Title to the French Artifacts contains no liens or encumbrances, and no party other than RMST has a legal interest in them.

19.	France does not have, never had, any beneficial interest in the French Artifacts.

FURTHER AFFIANT SAYETH NOT.

_____
JEROME HENSHALL

Sworn to and subscribed before me
on this _4th_ day of _November_, 2016.

_Jessica L. Sanders_
Notary Public, State of _Georgia_
_Jessica L. Sanders_
(Print or Type Notary Name)
The said _Jerome Henshall_
☒ is personally known to me; or
☐ has produced _____
     as identification

~#4852-0663-9163 v.1~

My Commission Expires September 11, 2018.


