## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC. *et al.,*[1]

        Debtors.

_____

RMS TITANIC, INC.,

        Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

        Defendant.

_____

Case No. 3:16-bk-02230-PMG
Chapter 11

Jointly Administered

Adv. Pro. No. 3:16-ap-00183-PMG

## MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC., TO INTERVENE AS A PARTY PLAINTIFF

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files a response within fourteen (14) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202, and serve a copy on Jacob A. Brown, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057679;1}

> the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc. ("RMST"), the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, hereby moves (the "Motion") the Court for entry of an order in substantially the form attached hereto as **Exhibit A**, authorizing the Equity Committee to intervene as a party plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of the Motion, the Equity Committee states as follows:

## I.

## BACKGROUND FACTS

1.      On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

2.      The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.      No trustee or examiner has been appointed in the Bankruptcy Case.

4.      On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee. On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP as its general bankruptcy counsel.

5.      On October 14, 2016, the Court entered an order authorizing the Equity Committee's employment of Landau Gottfried & Berger LLP as the Equity Committee's general bankruptcy counsel. [Docket No. 277.]

## II.

## COMMENCEMENT OF THE ADVERSARY PROCEEDING

6.       On August 17, 2016, RMST commenced this Adversary Proceeding by filing a

Complaint against defendant French Republic a/k/a Republic of France ("France").  [Docket No.

1.]  The Complaint seeks a declaratory judgment that France has no interest in the so-called

"French Artifacts."[2]

7.       According to the Declaration of Joanna Sirour [Docket No. 4], on August 31,

2016, RMST served the Complaint on France by way of a special process server.  RMST also

mailed the summons to France.

8.       France has not filed a response to the Complaint.

9.       On November 4, 2016, RMST filed a Motion for Default Judgment against France

pursuant to Local Rule 7001-1(e).

## III.

## RELIEF REQUESTED

10.      The Equity Committee seeks entry of an order, pursuant to Federal Rule of Civil

Procedure 24(a)(1), (a)(2), and (b)(2), made applicable to this proceeding by Federal Rule of

Bankruptcy Procedure 7024, authorizing the Equity Committee to intervene in the Adversary

Proceeding as a party plaintiff.  The claims and defenses that the Equity Committee seeks to

assert in the Adversary Proceeding are the same claims and defenses that RMST has asserted.

*See* Fed. R. Civ. P. 24(c); *Anderson v. HNS, LP Ingenious Designs, Inc. (In re Donovan)*, 2004

WL 5848453, at *4 (N.D. Ga. Sept. 27, 2004) (concluding that it is not necessary to attach a

---

[2]  As the Court will recall, the "French Artifacts," and RMST's ability to dispose of those assets, are the subject of this Court's *Order on Motion for Order Authorizing the Debtors to Market and Sell Certain Titanic Artifacts Free and Clear of Liens, Claims, and Interests* [Docket No. 102 in Case No. 3:16-bk-02230-PMG.]  RMST filed the Adversary Proceeding following this Court's determination that RMST's request to market and sell the French Artifacts free and clear of any interest in those assets should be done by way of an adversary proceeding.

pleading to an intervention motion when the defendant has been put on notice of the nature of the intervenor's claims).

## IV.

## ARGUMENT

11.     The Equity Committee should be permitted to intervene in the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24(a)(1).  That Rule provides that the court must permit any party to intervene where such party is given an unconditional right to intervene by a federal statute.  Specifically, Rule 24(a)(1) provides that "anyone shall be permitted to intervene in an action" if a federal statute authorizes the unconditional right to intervene.  Fed. R. Civ. P. 24(a)(1).

12.     Section 1109 of the Bankruptcy Code provides that, as a party in interest, an equity security holders' committee has a right to raise, appear, and be heard on any issue in a case under Chapter 11.  *See* 11 U.S.C. § 1109(b).

13.     A number of courts, including this Court, have concluded that based on the statutory right created by section 1109(b) of the Bankruptcy Code, official committees have an absolute right to intervene in adversary proceedings.  *See Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 166 (2d Cir. 2002) (reversing bankruptcy and district court orders denying a committee's right to intervene and holding that committee had unconditional statutory right as a party in interest to intervene); *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006) (recognizing that because the authorization provided by Section 1109(b) to appear and be heard on "any issue in a case" extends to adversary proceedings pending in the main bankruptcy case, an entity's status as a "party in interest" grants that entity an unconditional right

to intervene); *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992).

14.     Because an entity's status as a "party in interest" under section 1109(b) satisfies the standard for intervention required by Rule 24(a)(1), and because the Equity Committee is unquestionably a "party in interest" under section 1109(b), the Equity Committee must be permitted to intervene in the Adversary Proceeding pursuant to Rule 24(a)(1).  *Celotex Corp.*, 377 B.R. at 350 ("An entity's status as a 'party in interest' under §1109(b) satisfies the standard for intervention required by Rule 24(a)(1) of the Federal Rules of Civil Procedure, since a statute of the United States confers an unconditional right to intervene.  Since the Legal Representative, the TAC, and the PDAC are conclusively determined to be 'parties in interest' under §1109(b) by virtue of the Order Confirming Plan, they should be permitted to intervene in this proceeding pursuant to Rule 24(a)(1).") (internal citations and quotations omitted).

15.     The Equity Committee also should be permitted to intervene in the Adversary Proceeding pursuant to Rule 24(a)(2).  That Rule requires a court to permit an entity to intervene if that entity "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [that entity's] ability to protect its interest, unless existing parties adequately represent that interest.").  Fed. R. Civ. P. 24(a)(2).  A proposed intervenor has a "minimal burden of showing that the existing parties cannot adequately represent its interest." *Georgia v. U.S. Army Corps of Engineers, et al.*, 302 F.2d 1242, 1259 (11th Cir. 2002).

16.     The Equity Committee has an undeniable interest in ensuring that the French Artifacts are determined to be property of the estate, because such a determination will have a significant effect on the assets available for distribution to creditors and equity security holders

in the Debtors' cases. Because equity security holders have lower priority in the Bankruptcy Code's distribution scheme than general unsecured creditors, the Equity Committee has no other way to protect the interests of equity security holders other than to assist RMST in obtaining the determination that the French Artifacts are property of the estate (this is particularly the case because RMST has a fiduciary obligation to its unsecured creditors that may conflict with its fiduciary obligation to equity security holders). *See Golden Glades Reg'l Med. Ctr.*, 147 B.R. at 816 ("As an unsecured creditor, Blue Cross has an undeniable interest in the funds which are sought to be recovered. Because it has no security to otherwise protect its unsecured interest, Blue Cross has no other way to protect its unsecured interest other than to assist in recovering funds for the benefit of the unsecured creditors. In addition, because the unsecured claim of Blue Cross unsecured interest is substantial, it may not be adequately represented by existing parties. Therefore, Blue Cross has met this minimal burden, and intervention under FRCP 7024(a)(2) and FRCP 24(a)(2) is appropriate and the Motion should be granted.").

17.     Moreover, in the time that this bankruptcy case has been pending, the Debtor has suffered a series of setbacks in its effort to sell the French Artifacts. The procedural difficulties in which the Debtor has been mired are of particular concern to the Equity Committee because equity holders have a significant interest in the assets that are at the center of this proceeding. Through its intervention, the Equity Committee will be able to protect and preserve these interests. Accordingly, it is clear that the Equity Committee has an interest relating to the property or transaction which is the subject of the Adversary Proceeding, and that permitting the Equity Committee to intervene pursuant to Rule 24(a)(2) also is appropriate.

18.     Finally, the Equity Committee should be permitted to intervene in the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24(b). That Rule provides that, upon a

timely application, anyone may be permitted to intervene in an action when the applicant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Here, the Equity Committee has an interest in ensuring that the French Artifacts are determined to be property of the estate and, upon such determination, that these assets are properly administered. In that sense, the Equity Committee's claim is identical to the claim of RMST in the Adversary Proceeding. Therefore, the Equity Committee has a claim that shares "a common question of law or fact" with the claim asserted by RMST in the Adversary Proceeding. Moreover, intervention by the Equity Committee will not unduly delay or prejudice the adjudication of the original parties' rights in the Adversary Proceeding. *See* Fed. R. Civ. P. 24(b)(3). The Adversary Proceeding is at a preliminary stage and, other than the Complaint and Motion for Default filed by RMST, no substantive pleadings or papers have been filed. Accordingly, the Equity Committee should be permitted to intervene in the Adversary Proceeding as a party plaintiff pursuant to Rule 24(b).

## V.

## CONCLUSION

For the reasons set forth above, the Equity Committee respectfully requests that the Motion be granted, and that the Court enter an order authorizing the Equity Committee to intervene in the Adversary Proceeding as a party plaintiff pursuant to Federal Rule of Civil Procedure 24 in the form attached hereto as **Exhibit A** and for such other and further relief as the Court deems necessary and appropriate.

Date: November 21, 2016

Peter J. Gurfein
Roye Zur
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, California 90067
(310) 557-0050
(310) 557-0056 (Facsimile)

{40057679;1}                    7

pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity
Security Holders of Premier Exhibitions, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. mail, postage prepaid and properly addressed, this 21st day of November, 2016 to:

Daniel F. Blanks, Esq.
Nelson Mullins Riley & Scarborough LLP
50 North Laura Street, Suite 4100
Jacksonville, FL 32202

Marie-Laurence Navarri
Magistrat de liaison aux Etats-Unis
Justice Attache, French Embassy
4101 Reservoir Road
Washington, D.C. 20007

Ministre de l'Environment, de l'Energir et de la Mer, Tour A et B,
Tour Sequoia, 92055 La Defense CEDEX, France

*/s/ Jacob A. Brown*
Attorney

{40057679;1}

8

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

RMS TITANIC, INC. *et al.,*[1]

        Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11

Jointly Administered

---

RMS TITANIC, INC.,

        Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

        Defendant.

Adv. Pro. No. 3:16-ap-00183-PMG

---

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE**
**OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC.,**
**TO INTERVENE AS A PARTY PLAINTIFF**

THIS PROCEEDING came before the Court upon the Motion (the "Motion")[2] of the

Official Committee of Equity Security Holders of Premier Exhibitions, Inc., authorizing the

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); ;Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057682;1}

**Exhibit A**

Equity Committee to Intervene as a Party Plaintiff in this Adversary Proceeding.  There being no objection to the Motion after proper notice to interested parties pursuant to Local Bankruptcy Rule 2002-4 and FLMB-2014-10 Administrative Order Prescribing Procedures for Adversary Proceedings on November 14, 2016, it is

**ORDERED**:

1.      The Motion is GRANTED.

2.      The Equity Committee is authorized to intervene in this Adversary Proceeding as Party Plaintiff.

3.      The Equity Committee, should it intend to assert additional causes of action, shall have 14 days from the date of this Order to file its Intervener's Complaint.

Attorney Jacob A. Brown is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

---

[2] Defined terms from the Motion are incorporated by reference herein.

{40057682;1}

2

**Exhibit A**