**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 3:16-bk-2230-PMG |
| RMS TITANIC, INC., *et al.*,[1] | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| RMS TITANIC, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:16-ap-00183-PMG |
| FRENCH REPUBLIC a/k/a REPUBLIC OF FRANCE, | ) ) | |
| Defendant. | ) ) | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**OBJECTION TO EQUITY COMMITTEE'S MOTION TO INTERVENE**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of RMS Titanic, Inc. and its debtor affiliates (together, the "Debtors") objects to the motion of the Official Committee of Equity Security Holders ("Equity Committee") to intervene in this adversary proceeding, and states:

**Preliminary Statement**

1. The Equity Committee does not satisfy the requirements for intervention of right (discussed below), and permissive intervention would be inappropriate as the motion does not explain what the Equity Committee intends to accomplish. Given the

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

Debtors' potential operational insolvency, the Equity Committee should not be afforded a platform for engaging in needless litigation absent a defined potential benefit to the estate. At a minimum, the Equity Committee's role in this proceeding should be restricted so as to avoid duplication of effort by the Debtors and Equity Committee, as permitted by Rule 24. *Southern v. Plumb Tools*, 696 F.2d 1321, 1322 (11th Cir. 1983) (citing Advisory Committee Notes).

### Objection

2.  The Equity Committee argues it is entitled to intervene under Rule 24(a)(1) because it is a party in interest under Bankruptcy Code section 1109(b). Though the Equity Committee is clearly a party in interest in the chapter 11 case, courts have held section 1109(b) does <u>not</u> create a statutory right of intervention in related adversary proceedings. In *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 (5th Cir. 1985), the Fifth Circuit held section 1109(b) had to be viewed in the context of Rule 24(a)(1), which has been narrowly construed. The Fifth Circuit also held the fact that Bankruptcy Rule 2018 governs intervention in chapter 11 cases, while Rule 24 applies to intervention in adversary proceedings, suggests Congress did not intend to create an absolute right to intervene in adversary proceedings through section 1109(b). *Id.* at 1287. *See also Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1232-33 (3d Cir. 1994) (agreeing with *Fuel Oil* and similar decisions, but declining to overrule contrary precedent as a result of Third Circuit internal operating procedure); *Big Rivers Elec. Corp. v. Thorpe (In re Green River Coal Co.)*, 195 B.R. 664, 667 (W.D. Ky. 1996) (finding *Phar-Mor* analysis persuasive and adopting its reasoning as its own in denying official committee's motion to intervene in adversary proceeding); *Catholic Bishop of N.*

2

*Alaska*, No. 08-90019, 2009 WL 8446700, at *1-2 (Bankr. D. Ala. March 25, 2009) (same).

3. That section 1109(b) does not create an absolute right to intervene is confirmed by the Advisory Committee Notes to Bankruptcy Rule 7024, which provide as follows:

> A person may seek to intervene in the case under the Code or in an adversary proceeding relating to a case under the Code. Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule. Intervention in a case and intervention in an adversary proceeding must be sought separately.

This suggests "Congress was aware of a distinction between cases and adversary proceedings and . . . intended to differentiate between them in the context of intervention." *Phar-Mor*, 22 F.3d at 1232-33.

4. Likewise, that Bankruptcy Code section 307 permits the United States Trustee to be heard on any issue "in a case or proceeding," while section 1109(b) permits parties in interest to be heard "in a case" suggests the latter does not create an absolute right to intervene.

5. The leading bankruptcy treatise is in accord. *See* 9 COLLIER ON BANKRUPTCY ¶7024.03 (15th ed. 1993) (case law holding section 1109(b) does not grant an automatic right to intervene "appears to be the better view").

6. The Creditors' Committee is aware Your Honor held a section 1109(b) party in interest satisfies the standard for intervention of right under Rule 24(a)(1) in *Asbestos Settlement Trust v. Port Auth. of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006). However, the foregoing arguments were not presented in *Celotex*: the *Joint Motion of the Legal Representative and the Trust*

*Advisory Committee to Intervene* was unopposed, and the *Asbestos Settlement Trust's Response to Property Advisory Committee's Motion to Intervene* (No. 8:02-ap-867, ECF No. 24) argued the request to intervene should be denied because the underlying plan documents did not contemplate the proposed intervenor participating in the adversary proceeding, and its assistance was not required in any event. Significantly, the response did not address any of the arguments asserted in this objection.[2]

7. The Equity Committee also argues intervention of right under Rule 24(a)(2) is justified because equity security holders have much at stake in this proceeding, and further, the Debtors' fiduciary duties to creditors "may conflict" with those to equity security holders. (Motion ¶¶16-17.) The Equity Committee has not, however, explained why its interests are not already adequately represented, and acknowledged its interests are aligned with that of the Debtors, hence its adoption of the Debtors' complaint in lieu of its filing a complaint in intervention as required by Rule 24(c). (Motion ¶¶10, 18.) Moreover, no conflict exists as the Debtors' fiduciary duty runs to both creditors and equity security holders. *CFTC v. Weintraub*, 471 U.S. 343, 355 (1985).

8. The Equity Committee further argues permissive intervention should be authorized under Rule 24(b)(1)(B) solely because it is interested in the outcome of this adversary proceeding. Aren't we all. But that is not the legal standard for permissive intervention, particularly when no explanation has been provided as to what permissive intervention would accomplish, given the stated alignment of the Debtors' and Equity Committee's interests. Accordingly, that request should be denied.

---

[2] A copy of the response is not accessible via PACER, but a draft of the same was provided to the Creditors' Committee by the Asbestos Settlement Trust's counsel in *Celotex* and shall be made available upon request.

WHEREFORE, the Equity Committee's motion to intervene should be denied, or alternatively, its role in this proceeding should be restricted so as to avoid duplication of effort.

Dated: December 2, 2016

        Jeffrey Chubak (admitted *pro hac vice*)
**STORCH AMINI & MUNVES PC**
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
(212) 490-4208 (Facsimile)
jchubak@samlegal.com

-and-

**THAMES MARKEY & HEEKIN, P.A.**

By   */s/ Richard R. Thames*
    Richard R. Thames
    Robert A. Heekin
Florida Bar No. 0718459
Florida Bar No. 652083
50 North Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@tmhlaw.net
rah@tmhlaw.net

Attorneys for the Official Committee
of Unsecured Creditors

**Certificate of Service**

I hereby certify that, on December 2, 2016, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this adversary proceeding.

                                              */s/ Richard R. Thames*
                                              _____
                                                         Attorney