**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC. *et al.*,[1]

    Debtors

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

---

RMS TITANIC, INC.

    Plaintiff,

vs.

FRENCH REPUBLIC,
a/k/a REPUBLIC OF FRANCE

    Defendant.

Adv. Pro. No. 3:16-ap-00183-PMG

---

**OBJECTION OF RMS TITANIC, INC. TO THE MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC. TO INTERVENE AS A PARTY PLAINTIFF**

RMS Titanic, Inc., ("RMST" or "Debtor" and together with its affiliated debtors listed in footnote 1, the "Debtors") by undersigned counsel, hereby files this objection to the *Motion of the Official Committee of Equity Security Holders of Premier Exhibitions, Inc. to Intervene as a Party Plaintiff* (the "Motion to Intervene") filed by the Official Committee of Equity Security Holders of Premier Exhibitions, Inc. (the

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

"Equity Committee") on November 21, 2016 [D.E. 19] in the above-captioned adversary proceeding (the "Adversary Proceeding"). For the reasons set forth herein, the Motion to Intervene should be denied. In the alternative, if the Equity Committee is allowed to intervene, its rights to participate in this Adversary Proceeding should be limited as set forth herein.

## PRELIMINARY STATEMENT

The Equity Committee has no independent claims or defenses to assert in this Adversary Proceeding and has no standing to assert the claims and defenses of RMST. The Equity Committee fails to explain why its intervention in this Adversary Proceeding is necessary or prudent or what the Equity Committee hopes to accomplish by inserting itself into a litigation in which its interests are perfectly aligned with RMST and the Debtors. Allowing the Equity Committee to intervene as a plaintiff purporting to assert the same claims and defenses as RMST will serve no purpose other than wasting estate resources and furthering the Equity Committee's agenda to seize control of the Debtors.

If the Court were to find, however, that the Equity Committee has the right to intervene as a party in interest, the Equity Committee's rights upon intervention should be limited to the rights granted to it as a party in interest under Section 1109 of the Bankruptcy Code, and no more.

## BACKGROUND FACTS

1.   On June 14, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 101 *et seq.*

(as amended) (the "Bankruptcy Code"), commencing the above-captioned jointly administered bankruptcy cases.

2. The Debtors continue to operate their businesses as debtors and debtors-in-possession.

3. No trustee or examiner has been appointed in the Debtors' cases.

4. On August 24, 2016, the Office of the United States Trustee, Guy G. Gebhardt, appointed the Official Committee of Equity Security Holders of Premier Exhibitions, Inc. (the "Equity Committee").

## THE ADVERSARY PROCEEDING

5. On August 17, 2016, RMST commenced this Adversary Proceeding by filing a Complaint against defendant French Republic a/k/a Republic of France ("France") [D.E. 1]. The Complaint seeks a declaratory judgment that France has no interest in the "French Artifacts" (as defined in the Complaint).

6. RMST retained Process Service Network, LLC ("PSN"), a professional international process server, to effect proper service on France pursuant to Article 10 of the Hague Convention.

7. On August 31, 2016, PSN process server Joanna Sirour attempted personal service on France's Ministre de l'Environnement, de l'Énergir et de la Mer, the successor to the ministry that executed the Proces Verbal on behalf of France in October 1993.

3

8. The Ministry refused to accept personal service of the adversary complaint, but advised Ms. Sirour that it would accept service by mail. That day, Ms. Sirour mailed process to the Ministry. Ms. Sirour served the Ministry that day as directed, and executed a sworn Declaration dated September 6, 2016 detailing the service of process on the Ministry [D.E. 4].

9. On September 12, 2016, RMST also served France by U.S. Mail delivered to Marie-Laurence Navarri, Magistrat de liaison aux Etats-Unis, Justice Attache, French Embassy, 4101 Reservoir Road, Washington, D.C. 20007. RMST filed a Notice of Service reflecting service by mail [D.E. 6].

10. On October 3, 2016, Ms. Navarri purported to send the Court a letter in which she claims that the "French Republic may not be properly served with United States legal process by mail directed to this Ministry."

11. On November 4, 2016, RMST filed a Motion for Default Judgment [D.E. 10] against France. That Motion is currently set for a hearing on January 5, 2017.

12. Notwithstanding that (a) France was properly served pursuant to its August 31, 2016 agreement to accept service by mail, and (b) France has had **actual notice** of the pendency of this adversary proceeding against it since at least early September, RMST again served France with process by delivering two copies of the pleadings and Form UMS-94 by process server to France's designated Central Authority, the Ministère de la Justice on November 10, 2016.

**THE MOTION TO INTERVENE**

13. On November 21, 2016, the Equity Committee filed its Motion to Intervene as a party plaintiff pursuant to Rule 24(a)(1), (a)(2), and (b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in this proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

14. Specifically, the Equity Committee asserts an unconditional right to intervene in this Adversary Proceeding as a party plaintiff pursuant to Federal Rule 24(a)(1) by way of 11 U.S.C. § 1109(b).

15. The Equity Committee further asserts its right to intervene pursuant to Federal Rule 24(a)(2) and 24(b) because it has an interest in ensuring the French Artifacts are determined to be property of the Debtors' estates.

16. The Equity Committee seeks to assert the same claims and defenses as RMST and simply adopts RMST's complaint filed in this Adversary Proceeding.

**ARGUMENT**

17. Section 1109(b) of the Bankruptcy Code does not guarantee the Equity Committee the undeniable right to intervene as a plaintiff in this Adversary Proceeding. As the Official Committee of Unsecured Creditors capably demonstrates in its own objection to the Motion to Intervene, [D.E. 20] (the "Creditor Committee Objection"), a number of courts have found that Section 1109(b) does not confer upon parties in interest an unconditional right to intervene in adversary proceedings. RMST adopts and incorporates herein the Creditor Committee Objection, and requests that the Court

5

deny the Motion to Intervene for all of the reasons set forth in the Creditor Committee Objection.

18. Moreover, Section 1109(b) does not equate to ownership of a cause of action. In re Sunbeam Corp., 287 B.R. 861, 862 (S.D.N.Y. 2003); Adelphia Comms. Corp. v. Rigas (In re Adelphia Comms. Corp.), 285 B.R. 848, 850-849 (Bankr. S.D.N.Y. 2002) ("having standing to raise issues and to appear and be heard—as parties in interest have under section 1109(b)—does not equate to ownership of the causes of action in question").

19. As the Equity Committee is certainly aware, RMST is the legal representative of its estate with sole authority to bring causes of action belonging to the estate. See 11 U.S.C. §§ 323 and 1107; Maxfield v. Quarles & Brady LLP (In re Jennings), 378 B.R. 678, 681 (Bankr. M.D. Fla. 2006) ("The Bankruptcy Code 'vests authority to sue on behalf of the bankruptcy estate in the trustee, or, in a Chapter 11 case in which no trustee is appointed, the debtor-in-possession.'" (quoting In re iPCS, Inc., 297 B.R. 283, 288 (Bankr. N.D. Ga. 2003))). The exceptions to the general rule are not applicable here, as the Equity Committee has not been granted standing by this Court, or otherwise, to pursue the claims of RMST. See In re Jennings at 684 (limited exceptions to general rule exist where entity is appointed to bring estate causes of action under Section 1123 pursuant to a confirmed plan, or where court has conferred derivative standing under certain circumstances to pursue claim solely for benefit of estate). Thus, the Equity Committee has no standing to assert claims or defenses on behalf of RMST, nor can it usurp the rights of RMST to pursue its claims in this

Adversary Proceeding. Likewise, the Equity Committee has no authority to usurp RMST's derivative rights in connection with pursuit of claims. See Smart World Techs., LLC v. Juno Online Servs. (In re Smart World Techs., LLC), 423 F.3d 166, 174-175 (2d Cir. 2005) (power to pursue claims includes derivative right to settle claim).

20. The Motion to Intervene, however, implies that the Equity Committee either has its own claims and defenses to assert and prosecute, or that it has the right to concurrently assert and prosecute the claims of RMST. Neither position can be true and creates considerable concern regarding the scope and intention of the Equity Committee's proposed intervention. While RMST acknowledges the Equity Committee's interest in the outcome of this Adversary Proceeding, the Equity Committee has no right to control the claims and defenses being asserted by RMST. Intervention pursuant to Federal Rule 24(a)(1) is not appropriate.

21. Intervention is also inappropriate pursuant to 24(a)(2). The Equity Committee's rights are adequately protected by RMST. RMST seeks the exact same relief that the Equity Committee is seeking: determination that the French Artifacts are property of RMST's estate. The Committee has no rights, claims, defenses, or interests unique to it that could not be asserted by RMST. The Equity Committee concedes as much when it states "the Equity Committee's claim is identical to the claim of RMST in the Adversary Proceeding." Motion to Intervene ¶ 18. The fact that equity holders have lower priority than creditors of RMST does not create a conflict vis a vis this Adversary Proceeding. Each of the Debtors, creditors, and equity holders in

these cases all have the exact same interest in determining that the French Artifacts are property of RMST's estate. There is no conflict, and no reason to believe that the Equity Committee's interests are not being represented by RMST. Intervention pursuant to 24(a)(2) is not appropriate.

22. Permissive intervention pursuant to Federal Rule 24(b) is not appropriate for the simple fact that the Equity Committee has no claims or defenses to assert in this Adversary Proceeding. As discussed above, the claims at issue belong solely to RMST, and the Equity Committee has no unique claims or defenses relevant to this Adversary Proceeding. The Equity Committee merely seeks to double-up on the claims already asserted by RMST. There is no reason the Equity Committee needs to waste estate resources by duplicating the efforts of RMST. Permissive intervention is not appropriate.

23. In the event the Court were to grant intervention pursuant to 1109 or otherwise, significant limitations should be placed on the rights of the Equity Committee. See In re Adelphia at 850-51 (intervention under Section 1109 did not give a committee "the right to litigate as the possessors of causes of action do, or to act wholly free of any limitations imposed by the Court in the interests of orderly procedure."). In re Adelphia at 851. Where intervention is approved under Section 1109, "the intervenors should have the rights in . . . adversary proceeding[s] generally corresponding to those that they have under section 1109(b) in the umbrella cases -- *i.e.,* that they may 'raise and may appear and be heard on any issue.'" In re Adelphia at 850-51. As discussed above, the Equity Committee should not be allowed to

duplicate the efforts of RMST or seek to exert control over the claims of RMST in this Adversary Proceeding.

24. To that end, if the Equity Committee is allowed to intervene, it should be limited to the right to monitor the case, receive notices, appear at hearings and be heard, and file briefs on any issues unique to the Equity Committee. However, it should not be allowed to file dispositive motions, seek settlement with the defendant, propound its own discovery, or take any other action that usurps or duplicates the claims, rights, and authority of RMST to prosecute this Adversary Proceeding as the estate representative.

## CONCLUSION

25. For the foregoing reasons the Court should deny the Motion to Intervene, or in the alternative limit the Equity Committee's rights as an intervenor as set forth above.

      NELSON MULLINS RILEY
      & SCARBOROUGH LLP

By   */s/ Daniel F. Blanks*
     Daniel F. Blanks (FL Bar No. 88957)
     Lee D. Wedekind, III (FL Bar No. 670588)
     50 N. Laura Street, Suite 4100
     Jacksonville, Florida 32202
     (904) 665-3656 (direct)
     (904) 665-3699 (fax)
     daniel.blanks@nelsonmullins.com
     lee.wedekind@nelsonmullins.com

        KALEO LEGAL
        Brian A. Wainger *(Admitted Pro Hac Vice)*
        4456 Corporation Lane, Suite 135
        Virginia Beach, Virginia 23462
        (757) 965-6804
        (757) 304-6175 (fax)
        bwainger@kaleolegal.com

        *Attorneys for Plaintiff RMS Titanic, Inc.*

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on December 5, 2016. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

| | |
|---|---|
| Richard R. Thames, Esq.<br>Robert A. Heekin, Esq.<br>Thames Markey & Heekin, P.A.<br>50 N. Laura Street, Suite 1600<br>Jacksonville, FL 32202<br>(904) 358-4000<br>rrt@tmhlaw.net<br>rah@tmhlaw.net<br>*Attorneys for Official Committee of Unsecured Creditors* | Avery Samet, Esq.<br>Jeffrey Chubak, Esq.<br>Storch Amini & Munves PC<br>140 East 45th Street, 25th Floor<br>New York, NY 10017<br>(212) 490-4100<br>asamet@samlegal.com<br>jchubak@samlegal.com<br>*Attorneys for Official Committee of Unsecured Creditors* |
| Peter J. Gurfein, Esq.<br>Roye Zur, Esq.<br>Landau Gottfried & Berger LLP<br>1801 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>(310) 557-0050<br>pgurfein@lgbfirm.com<br>rzur@lgbfirm.com<br>*Attorneys for Official Committee of Equity Security Holders of Premier Exhibitions, Inc.* | Jacob A. Brown, Esq.<br>Katherine C. Fackler, Esq.<br>Akerman LLP<br>50 N. Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>(904) 798-3700<br>jacob.brown@akerman.com<br>katherine.fackler@akerman.com<br>*Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.* |

Case 3:16-ap-00183-PMG    Doc 21    Filed 12/05/16    Page 11 of 11

**Via U.S. Mail**

| | |
|---|---|
| Marie-Laurence Navarri<br>Magistrat de liaison aux Etats-Unis<br>Justice Attache, French Embassy<br>4101 Reservoir Road<br>Washington, D.C. 20007 | Ministre de l'Environment,<br>de l'Energir et de la Mer, Tour A et B<br>Tour Sequoia, 92055 La Defense CEDEX,<br>France |

                                        */s/ Daniel F. Blanks*
                                            Attorney

~#4838-2206-0349~