FILED
JACKSONVILLE, FLORIDA

JAN 2 0 2017

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

01/19/2017

The Honorable Paul M. Glenn
U.S. Bankruptcy Court
Middle District of Florida
Jacksonville Division
300 N. Hogan Street
Jacksonville, Florida 32202

Re:   RMS Titanic, Inc. v. Republic of France, 183
      Adversary Proceedings: 3-16-ap-00153-PMG

Dear Judge Glenn,

I am writing as a French judge, currently Justice Attache of the Embassy of France to the United States and Magistrat de Liaison aux Etats - Unis of the Republic of France in regard to the above matter. This submission is made *pro se*, with express reservation of sovereign immunity, to inform the Court of the matters presented here so that they may be considered by the Court in the very unusual situation presented by this case. I have also designated this submission as a declaration in the hope that will facilitate the Court giving it consideration.

A.   The Status of Service of Process

I begin by noting that there is currently scheduled a January 23, 2017 hearing on a Motion for Entry of Default that appears to be based on a motion by Plaintiff RMS Titanic, Inc. which represents to the Court that RMS Titanic, Inc. served the Republic of France with the necessary papers in August, 2016 (Doc. 5, Declaration of Joanna Sirour). The declaration states, however, that the papers were presented to the Ministre de l Environment, de l'Energir et de la

The Honorable Paul M. Glenn
December 12, 2016
Page 2

Mer, an agency of the Republic of France which is <u>not</u> identified as a party to this case in the Adversary Complaint and is not competent for service of papers seeking to make the Republic of France a party to a United States legal proceeding.

This is demonstrated as a matter of United States law by 28 U.S.C. §1608(a), which applies to service upon a foreign state or political subdivision of a foreign state, as is the case here. Section 1608(a) designates the acceptable methods of making service upon the foreign state and they do not include serving an agency such as the Ministre de l' Environment, de l' Energir et de la Mer. Attorneys for RMS Titanic, Inc. have also mailed copies of papers to the Embassy of the Republic of France, which is also not the required method of service under 28 U.S.C. § 1608(a). Because I see no reference in the public court records to proper service being reported by RMS Titanic, Inc., I write to inform the Court that proper service has been done by RMS Titanic, Inc. via the Ministry of Justice of France on November 23, 2016. I also note that 28 U.S.C. Section 1608(d) provides for a foreign state to have a minimum of 60 days in which to respond, should it choose to do so.

In this connection, I also wish to note that 28 U.S.C. §1608(e) provides that no default judgment shall be entered against a foreign state unless "the claimant establishes his claim or right to relief by evidence satisfactory to the Court." I therefore suggest that the Court has an independent function and responsibility under §1608(e) to examine all essential aspects of the matter, including whether a valid and justiciable claim has been presented and supported by satisfactory evidence, as is discussed next.

    B.    <u>The Claim As Presented By RMS Titanic</u>

The Honorable Paul M. Glenn
December 12, 2016
Page 3

I now address aspects of the claim presented by the "Adversary Complaint" of 17 August 2016 that I respectfully suggest should be considered by the Court under U.S.C. Section 1608(e).

The "Adversary Complaint" of August 17, 2016 incorporates the Procès-Verbal issued by the Administrator of Maritime Affairs of the Ministry of Equipment, Transportation and Tourism of France at Lorient, France on 20 October 1993 concerning artifacts removed from the Titanic by Titanic Ventures Limited Partnership ("TVLP," predecessor of RMS Titanic, Inc.) and submitted to the jurisdiction and laws of France. The Adversary Complaint and exhibits show that TVLP sought and was allowed to have custody of the artifacts on condition of a specific commitment to the French authority that "the artifacts will be used only for cultural purposes and will not, therefore, be part of any operations that would lead to their dispersion, with the exception of exhibition purposes, and none of the artifacts will be sold.[1]" The evidence as presented by RMS Titanic, Inc. thus shows that the Procés Verbal of October 20, 1993 was issued with this understanding and commitment. The underlying purpose of this commitment was also expressly stated by TVL: to insure that the use of "the objects collected from the wreck of the Titanic will be in a manner respecting the memory of these objects' initial owners."

The Procès-Verbal of 20 October 1993 is an official act of the Administrator of Maritime Affairs of the Ministry of Equipment, Transport and Tourism taken within France on a matter within the exclusive jurisdiction of France. Any rescission or amendment of the decree can only be decided by a competent agency of the Government of France or a Court of the Republic of

---

[1] As translated by *RMS Titanic, Inc.* in Exhibit C to its Adversary Complaint, the substance is the same: "these objects shall be used only for cultural purposes and shall accordingly not form the subject matter of any transaction leading to their dispersion (except for the purposes of an exhibition) and that no such object shall be sold."

The Honorable Paul M. Glenn
December 12, 2016
Page 4

France.  With all due respect to this Court, it is not within the jurisdiction or authority of a United States Court to disregard or nullify the Procès-Verbal pursuant to the RMS Titanic, Inc. request that a United States Court issue "a declaration that France and all French government agencies have no interest in the French Artifacts." (Adversary Complaint, ¶31 and Prayer For Relief).

I understand that in United States law, the corresponding principles are within the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611, and Section 1604 in particular, and in the Act of State Doctrine.  Where a United States case is directed against another sovereign, the United States Supreme Court has stated that "deciding whether statutory subject matter jurisdiction exists under the Foreign Sovereign Immunities Act entails an application of the substantive terms of the Act to determine whether one of the specified exceptions to immunity applies." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S., 480, 497-98 (1983).  The Act of State doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 401 (1964). And it applies even when the United States courts "have jurisdiction" over a controversy in which one of the litigants has standing to challenge those acts." *Glen v. Club Mediterranee*, S.A., 450 F.3d 1251, 1253 (11th Cir. 2006).

The relevant history concerning the Procès-Verbal has also been accurately stated by the United States Court of Appeals for the Fourth Circuit in its 2006 decision concerning the Titanic, which notes that: "the 1993 French Administration decision also incorporated Titanic Ventures' assurances made in its September 22, 1993 letter stating that Titanic Ventures agreed to make use of such objects in conformity with the respect due to the memory of their initial owners and

The Honorable Paul M. Glenn
December 12, 2016
Page 5

not to carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition." (*RMS Titanic, Inc. v. Wrecked and Abandoned Vessel*, 435 F. 3d 521, 527-28 (4th Cir. 2006).

It is to be noted that the United States court decision as requested by RMS Titanic, Inc. in its Adversary Complaint would therefore be an impermissible and unrecognizable conflict with the sovereign authority of the Bureau of Maritime Affairs of the Republic of France and the exclusive jurisdiction of the courts of France to adjudicate challenges to the official acts of the Bureau.

Respect for international comity is another important consideration that should be taken into account. This concern was recently underscored by the United States Court of Appeals for the Eleventh Circuit in a decision concerning another shipwreck. The Eleventh Circuit noted the guidance of the Supreme Court to defer to another nation where that other nation has "a unique interest in resolving the ownership of or claims to the [ ] assets" and a decision by a United States court would be a "specific affront" in which property "is seized by the decree of a foreign court." *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1179-1181 (11th Cir. 2011), quoting *Republic of the Philippines v. Pimentel*, 553 U.S. at 865-866 (2008).

According to this principle, a national court does not have authority to adjudicate the property rights or other legal interests of another nation taken within its realm of sovereignty.

Finally, I also respectfully wish to call the Court's attention to the fact that since the 1993 Procès-Verbal, the Republic of France has taken further measures within established diplomatic channels for a matter such as protection of the remains and artifacts of the Titanic out of respect

The Honorable Paul M. Glenn
December 12, 2016
Page 6

for its historical significance and the memory and dignity of the victims. Most notably, this includes including the finalized text agreed between France, the United States, Great Britain and Canada of the International Agreement concerning The Shipwrecked Vessel RMS Titanic to prevent any further removal of artifacts in recognition of "the unique historical significance and symbolic value of the Titanic." A decision that allows dispersion of the artifacts to unknown parties for unknown means of exploitation would be a manifest contradiction of RMS Titanic, Inc.'s commitment to "respect the memory of these objects' initial owners."

\*   \*   \*

In view of these considerations, I wish to respectfully suggest that the Court may and should exercise the authority provided by 28 U.S.C. § 1608(e) to decline to entertain the request that the Court issue a declaration that "France and all French government agencies have no interest in the French Artifacts." It is respectfully submitted that an appropriate resolution consistent with United States, French and International law would be to decline to do so and direct RMS Titanic, Inc., if it wishes to continue to seek such a decree, to initiate appropriate proceedings in France to obtain judicial review of the 20 October 1993 Procès-Verbal of the French Bureau of Maritime Affairs.

Respectfully submitted,

Judge Marie-Laurence Navarri

cc:   B. Wainger, RMS Titanic, Inc. counsel.

## Verification

I, Marie-Laurence Navarri, further declare and affirm under penalty of perjury that the foregoing is true and correct to my knowledge and belief.

Dated: 19 January 2017

_____
Magistrat Marie-Laurence Navarri