**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC. *et al.,*[1]

          Debtors.

_____

RMS TITANIC, INC.,

          Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

          Defendant.

_____

Case No.  3:16-bk-02230-PMG
Chapter 11

Jointly Administered

Adv. Pro. No. 3:16-ap-00183-PMG

**STATEMENT OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF PREMIER EXHIBITIONS, INC., IN SUPPORT OF PLAINTIFF
RMS TITANIC, INC.'S AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT FRENCH REPUBLIC A/K/A REPUBLIC OF FRANCE**

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier

Exhibitions, Inc. ("Premier"), Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the

parent company of RMS Titanic, Inc. ("RMST"), the Chapter 11 Debtor in Case No. 3:16-bk-

02230-PMG, hereby files its *Statement in Support of RMST's Amended Motion (the "Amended*

*Motion") For Entry of Default Judgment Against Defendant French Republic A/K/A Republic of*

*France ("Defendant")*, and respectfully represents the following:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

## BACKGROUND FACTS

1.      On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

2.      The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.      No trustee or examiner has been appointed in the Bankruptcy Case.

4.      On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee.  On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP and Akerman LLP as its general bankruptcy counsel.

5.      On August 17, 2016, RMST commenced this Adversary Proceeding by filing a Complaint against defendant French Republic a/k/a Republic of France ("France").  [Docket No. 1.]  The Complaint seeks a declaratory judgment that France has no interest in the so-called "French Artifacts."

6.      On November 21, 2016, the Equity Committee filed its *Motion of the Official Committee of Equity Security Holders Of Premier Exhibitions, Inc., To Intervene as a Party Plaintiff* (the "Motion to Intervene").  [Docket 19]

### SERVICE ON FRANCE OF THE MOTION TO INTERVENE

7.      The Equity Committee served its Motion to Intervene upon the Republic of France pursuant to Article 6 of the Hague Convention consistent with the requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. §1608.   Attached hereto as **Exhibit A** are Certificates of Service issued by the Huissier de Justice (i.e. Bailiff) evidencing that service of the Motion to Intervene was effected upon the Republic of France on December 26, 2016.

42474365;1

8.      In addition to service upon the Republic of France under the Hague Convention, the Equity Committee served a copy of its Motion to Intervene upon Marie-Laurence Navarri, Magistrat de liason aux Etats-Unis, Justice Attaché, French Embassy, 4101 Reservoir Road, Washington, D.C. 20007.  See Certificate of Service attached to Motion to Intervene, Docket 19.

9.      The Republic of France did not respond to the Motion to Intervene.

10.     On December 23, 2016, the Court entered its Order Granting Motion of the Official Committee Of Equity Security Holders of Premier Exhibitions, Inc., to Intervene. [Docket 28]  There was no timely challenge to and there has been no appeal of this Order.

## ARGUMENT

11.     In its Amended Motion and in Supplemental Pleadings filed thereafter [Docket 61], the Debtor notes the failure of France to assert any interest in the French Artifacts at any time since their recovery nearly thirty years ago.  The absence of any participation by France is not just with respect to *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel etc.,* Civil Action No. 2:93cv902, the case pending in the United States District Court for the Eastern District of Virginia (the "District Court"), but also with respect to proceedings in this Bankruptcy Court.

12.     The Docket in the main Bankruptcy Case and in this Adversary Proceeding contain no appearances by France notwithstanding that France has been served by the Debtors and by the Equity Committee with pleadings pertaining to the French Artifacts and had more than sufficient time to respond to the same.

13.     In failing to participate in any of the cases and proceedings pending in this Court and in the District Court, France has manifested a clear position that it does not assert any interest in the subject matter of these proceedings and has impliedly consented to entry of orders and judgments as this Court may deem just and proper.

42474365;1

**CONCLUSION**

For the reasons set forth above, and in the Debtor's Amended Motion and pleadings and supplemental pleadings submitted in support thereof, the Equity Committee supports the Amended Motion and respectfully requests that the Court grant the relief requested therein.


Date: July 31, 2017

Peter J. Gurfein
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, California 90067
(310) 557-0050
(310) 557-0056 (Facsimile)
pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity
Security Holders of Premier Exhibitions, Inc.


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished this 31st day of July, 2017, either by electronic notification or U.S. mail, postage prepaid and properly addressed, to:

Daniel F. Blanks, Esq.
Lee D. Wedekind, III, Esq.
Nelson Mullins Riley & Scarborough LLP
50 North Laura Street, Suite 4100
Jacksonville, FL 32202

Brian A. Wainger, Esq.
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462

42474365;1

Richard R. Thames, Esq.
Robert A. Heekin, Esq.
Stutsman Thames & Markey, P.A.
50 North Laura Street, Suite 1600
Jacksonville, FL 32202

Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017

Marie-Laurence Navarri
Magistrat de liaison aux Etats-Unis
Justice Attache, French Embassy
4101 Reservoir Road
Washington, D.C. 20007

 and by FedEx to:

Ministre de l'Environment, de l'Energir et de la Mer, Tour A et B
Tour Sequoia
92055 La Défense Cedex
France

*/s/ Jacob A. Brown*
Attorney

SCP
**Gérard LOUVION**
**Michel PLUMEL**
Huissiers de Justice associés
23-29 Rue De La Belle Feuille
92100 BOULOGNE-BILLANCOURT
☎ : 01.41.10.49.00
🖨 : 01.41.10.89.71
✉ : scp.louvion.plumel@huissier-justice.fr
Paiement Site web :
http://www.louvionplumel.fr
CAISSE DES DEPOTS ET CONSIGNATION
IBAN N : FR 63 40031 00001 0000322889R 50

## SIGNIFICATION

LE : LUNDI DIX NEUF DECEMBRE DEUX MILLE SEIZE

**La Société Civile Professionnelle Gérard LOUVION et Michel PLUMEL, Huissiers de Justice associés, près le tribunal de Grande Instance de NANTERRE, Audienciers près le Tribunal d'Instance de BOULOGNE y séant demeurant dite ville, 23-29 Rue de la Belle Feuille, représentée par l'un d'eux soussigné,**

**A :**
REPUBLIQUE FRANCAISE représenté par le Ministère de l'Environnement, et l'Energie et de la Mer, demeurant à (92055) LA DEFENSE Cedex, Tour Pascal A et B, Tour Sequoia
Pour qui la copie du présent a été remise comme indiqué à la modalité de signification.

**A LA DEMANDE DE :**
Ste RMS TITANIC, INC représenté par Maître Jacob A. BROWN , Akermann LLP 50, North Laura Street Suite, 3100 Jacksonville, FL 32202
Elisant domicile en mon Etude

**JE VOUS SIGNIFIE ET VOUS REMETS COPIE :**
D'Une notice et éléments essentiels de l'acte, en anglais et en français
Une ordonnance accordant la requête du Comité Officiel des Détenteurs d'Actions de premier Exhibitions, Inc. pour intervenir en tant que partie demanderesse, en anglais et en français

### TRES IMPORTANT

Lui déclarant que la présente signification lui est faite à toutes fins utiles et conformément aux dispositions de la Convention de la Haye du 15 novembre 1965.

SOUS TOUTES RESERVES

**ACTE
D'HUISSIER
DE
JUSTICE**
*EXPEDITION*



Références : V – 84912
LK - SGGEN

**Exhibit A**

SCP

**Gérard LOUVION**

**Michel PLUMEL**

Huissiers de Justice associés

23-29 Rue De La Belle Feuille

92100 BOULOGNE-BILLANCOURT

☎ ☎ : 01.41.10.49.00

🖷 : 01.41.10.89.71

✉ : scp.louvion.plumel@huissier-justice.fr

Site web: http://www.louvionplumel.fr

CAISSE DES DEPOTS ET CONSIGNATION

IBAN N°: FR 63 40031 00001 0000322889R 50

## ACTE
## D'HUISSIER
## DE
## JUSTICE
*EXPEDITION*

### MODALITE DE REMISE A L'ETUDE

LE : LUNDI DIX NEUF DECEMBRE DEUX MILLE SEIZE

Affaire :

RMS TITANIC, INC représenté par Maître Jacob A. BROWN C/ REPUBLIQUE FRANCAISE représenté par le Ministère de l'Environnement, et l'Energie et de la Mer

Etant mandaté à l'effet de signifier un acte de : Signification

Celui-ci a été remis par l'huissier de justice soussigné selon les déclarations qui lui ont été faites, à :

**REPUBLIQUE FRANCAISE représenté par le Ministère de l'Environnement, et l'Energie et de la Mer, demeurant à (92055) LA DEFENSE Cedex, Tour Pascal A et B, Tour Sequoia**

suivant les modalités ci-après indiquées.

Je me suis transporté à l'adresse ci-dessus aux fins de délivrer copie du présent acte.

Audit endroit :

- **La personne rencontrée à la Tour SEQUOIA ainsi qu'à la Tour Pascal B** refusant de prendre la copie du présent

après avoir vérifié la certitude du domicile du destinataire caractérisé par les éléments suivants :

- A la Tour PASCAL A - une personne du Ministère m'indique qu'il s'agit de l'adresse du **secrétariat général du Ministère et qu'il faut que je m'adresse à Mme ROYAL au 246 Bld Saint Germain à Paris**. Elle refuse de me communiquer son identité, son service et refuse l'acte.

La signification à personne et à domicile étant impossible, **la copie du présent est déposée en mon étude** sous enveloppe fermée, ne portant que d'un côté l'indication des nom et adresse du destinataire, et de l'autre le cachet de mon étude apposé sur la fermeture du pli.

Un avis de passage daté de ce jour, mentionnant la nature de l'acte, le nom du requérant et le fait que la copie de l'acte doit être retirée dans les plus brefs délais en mon étude contre récépissé ou émargement, par le destinataire de l'acte ou par toute autre personne spécialement mandatée, a été laissé au domicile du signifié.

La lettre prévue à l'article 658 du Code de procédure civile a été adressée ce jour ou le premier jour ouvrable suivant la date du présent, au domicile du destinataire ci-dessus, avec copie de l'acte. Le cachet de l'huissier est apposé sur l'enveloppe.

La copie signifiée a été établie en 28 pages.

Le coût de l'acte est détaillé ci-contre.

Visées par moi les mentions relatives à la signification.

MICHEL PLUMEL

| COUT DE L'ACTE | |
|---|---|
| Décret n°2016-230 du 26 février 2016 Arrêté de 26 février 2016 fixant les tarifs réglementés des huissiers de justice | |
| Emolument (Art R444-3 C. Com) | 60,00 |
| Frais de déplacement (Art A444-48) | 7,67 |
| **Total HT** | 67,67 |
| TVA (20,00 %) | 13,53 |
| Taxe forfaitaire (Art 302 bis du CGI) | 13,04 |
| **Total hors affranchissement** | 94,24 |
| Affranchissement (Art R444-3) | |
| Affranchissement LS | 1,26 |
| **Total TTC** | 95,50 |
| Acte soumis à la taxe | |



Références : V – 84912

mpd - MRCE

Affaire n° 3:16-bk-02230-PMG
Proc. contrad. n° 3:16-ap-00183-PMG

## CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1) that the document has been served ***
*1. que la demande a été exécutée*

- the (date)     *le  19.12. 2016.*
- *le (date)*

- at (place, street, number)
- *à (localité, rue numéro)*     REPUBLIQUE FRANÇAISE *également connue sous le nom de* RÉPUBLIQUE DE LA France
À l'attention du Ministère de l'Environment, de l'Energie et de la Mer
37 Quai d'Orsay, 75351 Paris
FRANCE

~~- in one of the following methods authorised by article 5-~~
*~~-dans une des formes suivantes prévues à l'article 5:~~*

~~🞏 (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.~~
*~~a) selon les formes légales (article 5, alinéa premier, lettre a).~~*

~~🞏 (b) in accordance with the following particular method*:~~
*~~b) selon la forme particulière suivante :~~* _____

~~🞏 (c) by delivery to the addressee, who accepted it voluntarily. *~~
*~~c) par remise simple~~*          *Modalité de Remise a*

The documents referred to in the request have been delivered to:          *l'Etude . Destinataire refuse Acte*
*Les documents mentionnés dans la demande ont été remis à:*

-(identity and description of person)
-(identité et qualité de la personne) _____ , selon l'article 10, lettre b de la Convention

-relationship to the addressee (family, business, or other):
-liens de parenté, de subordination ou autres, avec le destinataire de l'acte: _____

~~2) that the document has not been served, by reason of the following facts*:~~
*~~2. que la demande n'a pas été exécutée, en raison des faits suivants:~~*
_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.
*Conformént à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*Pièces renvoyées:*

Notice et éléments essentiels de l'acte, en anglais et en français
Ordonnance accordant la Requête du Comité Officiel des
    Détenteurs d'Actions de premier Exhibitions, Inc. pour
    Intervenir en tant que partie Demanderesse, en anglais et
    en français
_____
_____

**Done at** _____Boulogne____ , the
*Fait à*                        , le  20.12. 2016.

Michel PLUMEL
Huissier de Justice Associé
**Signature and / or stamp.**
*Signature et / ou cachet.*

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'exécution:*

Signification d'acte en provenance de l'étranger

Compte N°0000322889R

*Delete if inappropriate.
Rayer les mentions inutiles.*

2

SCP
**Gérard LOUVION**
**Michel PLUMEL**
Huissiers de Justice associés
23-29 Rue De La Belle Feuille
92100 BOULOGNE-BILLANCOURT
☎ ☎ : 01.41.10.49.00
🖷 : 01.41.10.89.71
✉ : scp.louvion.plumel@huissier-justice.fr
Paiement Site web :
http://www.louvionplumel.fr
CAISSE DES DEPOTS ET
CONSIGNATION
IBAN N : FR 63 40031 00001 0000322889R 50

# **ACTE D'HUISSIER DE JUSTICE**
*EXPEDITION*



Références : V – 84912
LK - SGGEN

# SIGNIFICATION

LE : LUNDI DIX NEUF DECEMBRE DEUX MILLE SEIZE

**La Société Civile Professionnelle Gérard LOUVION et Michel PLUMEL, Huissiers de Justice associés, près le tribunal de Grande Instance de NANTERRE, Audienciers près le Tribunal d'Instance de BOULOGNE y séant demeurant dite ville, 23-29 Rue de la Belle Feuille, représentée par l'un d'eux soussigné,**

**A :**
REPUBLIQUE FRANCAISE représenté par le Ministère de l'Environnement, et l'Energie et de la Mer, demeurant à (92055) LA DEFENSE Cedex, Tour Pascal A et B, Tour Sequoïa
Pour qui la copie du présent a été remise comme indiqué à la modalité de signification.

**A LA DEMANDE DE :**
Ste RMS TITANIC, INC représenté par Maître Jacob A. BROWN , Akermann LLP 50, North Laura Street Suite, 3100 Jacksonville, FL 32202
Elisant domicile en mon Etude

**JE VOUS SIGNIFIE ET VOUS REMETS COPIE :**
D'Une notice et éléments essentiels de l'acte, en anglais et en français
Une ordonnance accordant la requête du Comité Officiel des Détenteurs d'Actions de premier Exhibitions, Inc. pour intervenir en tant que partie demanderesse, en anglais et en français

**TRES IMPORTANT**

Lui déclarant que la présente signification lui est faite à toutes fins utiles et conformément aux dispositions de la Convention de la Haye du 15 novembre 1965.

SOUS TOUTES RESERVES

SCP

**Gérard LOUVION**

**Michel PLUMEL**

Huissiers de Justice associés

23-29 Rue de La Belle Feuille

92100 BOULOGNE-BILLANCOURT

☎ ☎ : 01.41.10.49.00

📠 : 01.41.10.89.71

✉ : scp.louvion.plumel@huissier-justice.fr

Site web: http://www.louvionplumel.fr

CAISSE DES DEPOTS ET CONSIGNATION
IBAN N°. FR 63 40031 00001 0000322889R 50

# MODALITE DE REMISE A L'ETUDE

LE : LUNDI DIX NEUF DECEMBRE DEUX MILLE SEIZE

Affaire :

RMS TITANIC, INC représenté par Maître Jacob A. BROWN C/ REPUBLIQUE FRANCAISE représenté par le Ministère de l'Environnement, et l'Energie et de la Mer

Etant mandaté à l'effet de signifier un acte de : Signification

Celui-ci a été remis par l'huissier de justice soussigné selon les déclarations qui lui ont été faites, à :

**REPUBLIQUE FRANCAISE représenté par le Ministère de l'Environnement, et l'Energie et de la Mer, demeurant à (92055) LA DEFENSE Cedex, Tour Pascal A et B, Tour Sequoia**

suivant les modalités ci-après indiquées.

Je me suis transporté à l'adresse ci-dessus aux fins de délivrer copie du présent acte.

Audit endroit :

- **La personne rencontrée à la Tour SEQUOIA ainsi qu'à la Tour Pascal B  refusant de prendre la copie du présent**

après avoir vérifié la certitude du domicile du destinataire caractérisé par les éléments suivants :

- **A la Tour PASCAL A -  une personne du Ministère m'indique qu'il s'agit de l'adresse du secrétariat général du Ministère et qu'il faut que je m'adresse à Mme ROYAL au 246 Bld Saint Germain à Paris. Elle refuse de me communiquer son identité, son service et refuse l'acte.**

La signification à personne et à domicile étant impossible, **la copie du présent est déposée en mon étude** sous enveloppe fermée, ne portant que d'un côté l'indication des nom et adresse du destinataire, et de l'autre le cachet de mon étude apposé sur la fermeture du pli.

Un avis de passage daté de ce jour, mentionnant la nature de l'acte, le nom du requérant et le fait que la copie de l'acte doit être retirée dans les plus brefs délais en mon étude contre récépissé ou émargement, par le destinataire de l'acte ou par toute autre personne spécialement mandatée, a été laissé au domicile du signifié.

La lettre prévue à l'article 658 du Code de procédure civile a été adressée ce jour ou le premier jour ouvrable suivant la date du présent, au domicile du destinataire ci-dessus, avec copie de l'acte. Le cachet de l'huissier est apposé sur l'enveloppe.

 La copie signifiée a été établie en 28 pages.

Le coût de l'acte est détaillé ci-contre.

Visées par moi les mentions relatives à la signification.

## ACTE D'HUISSIER DE JUSTICE

*EXPEDITION*

| COUT DE L'ACTE | |
|---|---|
| Décret n°2016-230 du 26 février 2016 Arrêté du 26 février 2016 fixant les tarifs réglementaires des huissiers de justice | |
| Emolument (Art R444-3 C. Com) | 60,00 |
| Frais de déplacement (Art A444-48) | 7,67 |
| **Total HT** | 67,67 |
| TVA (20.00 %) | 13,53 |
| Taxe forfaitaire (Art 302 bis du CGI) | 13,04 |
| **Total hors affranchissement** | 94,24 |
| Affranchissement (Art R444-3) | |
| Affranchissement LS | 1,26 |
| **Total TTC** | 95,50 |
| **Acte soumis à la taxe** | |

MICHEL PLUMEL





Références : V – 84912

mpd - MRCE

Affaire n° 3:16-bk-02230-PMG
Proc. contrad. n° 3:16-ap-00183-PMG

## CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1. que la demande a été exécutée*

- the (date)
- *le (date)*   [date] *Le 19.12 2016*

- at (place, street, number)
- *à (localité, rue numéro)*   **RÉPUBLIQUE FRANÇAISE** *également connue sous le nom de* **RÉPUBLIQUE DE LA France**

À l'attention du Ministère de l'Environnement, de l'Energie et de la Mer

Tour Pascal A et B, Tour Sequoia, 92055 La Défense Cedex

FRANCE

~~in one of the following methods authorised by article 5~~
*~~dans une des formes suivantes prévues à l'article 5:~~*

☐ ~~(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.~~
*~~a) selon les formes légales (article 5, alinéa premier, lettre a).~~*

☐ ~~(b) in accordance with the following particular method*:~~
*~~b) selon la forme particulière suivante :~~*

☐ ~~(c) by delivery to the addressee, who accepted it voluntarily.*~~   *Modalité de Remise à*
*~~c) par remise simple~~*   *l'Etude - Destinataire Refuse l'acte*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

- (identity and description of person)
- *(identité et qualité de la personne)*   [   nom   ], selon l'article 10, lettre b de la Convention

- relationship to the addressee (family, business, or other):
- *liens de parenté, de subordination ou autres, avec le destinataire de l'acte:*   [titre, poste]

2) ~~that the document has not been served, by reason of the following facts*:~~
*~~2. que la demande n'a pas été exécutée, en raison des faits suivants:~~*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*Pièces renvoyées.*

Notice et éléments essentiels de l'acte, en anglais et en français
Ordonnance accordant la Requête du Comité Officiel des
Détenteurs d'Actions de premier Exhibitions, Inc. pour
Intervenir en tant que partie Demanderesse, en anglais et
en français

Done at _____ , the
*Fait à* *Boulogne.* , *le* [date] *20.12.2016*

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*
Signification d'acte en provenance de l'étranger

Signature and / or stamp.
*Signature et / ou cachet.*

Michel PLUMEL
Huissier de Justice Associé

[signature du huissier et timbre]

*Delete if inappropriate.*
*Rayer les mentions inutiles.*

2

Compte N°0000322889R

**Affaire n° 3:16-bk-02230-PMG**
**Proc. contrad. n° 3:16-ap-00183-PMG**

**NOTICE**
*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

---

RÉPUBLIQUE FRANÇAISE
*également connue sous le nom de* RÉPUBLIQUE DE LA France
À l'attention du Ministère de l'Environment, de l'Energie et de la Mer
Tour Pascal A et B
Tour Sequoia
92055 La Défense Cedex
FRANCE
-OU-
partout où le défendeur peut être trouvé en France

---

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES.

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
États-Unis
Tel. 1.904.394.7450

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
États-Unis
Tel. 1.904.394.7450

## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*
(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| Name and address of the requesting authority: | M^e Karina J. Shreefer et M^e Tom R. McLean |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, E.U. |
| | Tel. 1.913.341.3167 |

Particulars of the parties*:
*Identité des parties :*   Dans l'affaire : RMS TITANIC, INC., et al., *Débitrices*

RMS TITANIC, INC., *Demanderesse*

RÉPUBLIQUE FRANÇAISE *également connue sous le nom de* RÉPUBLIQUE DE FRANCE, *Défenderesse*

### JUDICIAL DOCUMENT**
### *ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   D'aviser le défendeur du dépôt d'une requête en intervention
et de l'assigner à répondre ou à comparaître.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*   D'aviser le défendeur qu'une requête en intervention a été déposée
et de l'aviser sur la possibilité de s'y opposer et sur l'audience.

**Date and place for entering appearance**:**
*Date et lieu de la comparution :*   Au cas où le défendeur contesterait le redressement exigé dans le document ci-joint, il est tenu de déposer sa
réponse dans les quatorze (14) jours à compter de la date indiquée sur la preuve de la signification jointe aux actes, plus trois jours
supplémentaires pour la signification, auprès du greffier du Tribunal de la faillite des États-Unis, District Moyen de Floride, Division de
Jacksonville, sis à : Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, Floride 32202, États-Unis
d'Amérique. En outre, le défendeur est tenu de signifier une copie de sa réponse à Akerman LLP, et à toute autre personne appropriée dans les
délais prévus.

**Court which has given judgment**:**
*Juridiction qui a rendu la décision :*   S/O

**Date of judgment**:**
*Date de la décision :*   S/O

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte :*   Au cas où le défendeur contesterait le redressement exigé dans l'acte ci-joint, il est tenu de déposer sa
réponse auprès du greffier du Tribunal dans les quatorze (14) jours à compter de la date indiquée sur la preuve de la signification jointe aux
actes, plus trois jours supplémentaires pour la signification. En outre, le défendeur est tenu de déposer une copie de sa réponse à Akerman LLP
et à toute autre personne appropriée dans les délais. Si le défendeur dépose et signifie sa réponse dans le délai prévu, le Tribunal pourrait fixer
une audience et en aviser le défendeur, ou bien le Tribunal pourrait la réponse et soit accorder ou refuser le redressement demandé sans
audience. Si le défendeur néglige de déposer une réponse dans les délais prévus, le Tribunal estimera que le défendeur ne conteste pas le
redressement requis dans l'acte, procèdera à examiner l'acte sans autre avis d'audience et pourrait accorder le redressement demandé.

### EXTRAJUDICIAL DOCUMENT**
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   S/O

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte :*   S/O

---

\*   If appropriate, identity and address of the person interested in the transmission of the document.
   *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*   Delete if inappropriate.
   *Rayer les mentions inutiles.*

★U.S. Government Printing Office: 1990-262-211/15302

3



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax     (913) 341-3168
www.legallanguage.com

December 2, 2016
*2 décembre 2016*

To whom it may concern:
*A qui de droit:*

This is to certify that the attached translation from English into French is an accurate representation of the document received by this office.  This document is designated as:
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau.  Ce document est désigné sous le titre:*

Hague Service Convention "Notice" and "Summary"
*Notice et éléments essentiels de l'acte*

Karina Shreefer, Manager of this company, certifies that Louise Valiquette, who translated this document, is fluent in French and standard North American English and qualified to translate.  He/She attests to the following:
*Karina Shreefer, directeur de cette compagnie certifie que Louise Valiquette, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire.  Il/Elle atteste de ce qui suit:*

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

Signature of Karina Shreefer
*Signature de Karina Shreefer*

Subscribed and sworn to before me this December 2, 2016.
*Déclaration faite sous serment devant moi, le 2 décembre 2016.*

Vicki Farron
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2016

*Vicki Farron*
*Notaire, Etat de Kansas*
*Qualifiée dans le Comté de Johnson*
*Certification expire le 9 décembre 2016*

Sincerely,
*Sincèrement,*

Victor J. Hertz
President/*Président*

## NOTICE
**(recommended by the Fourteenth Session
of Hague Conference of October, 1980)**

**identity and address of the addressee**
*identité et adresse du destinataire*

---

FRENCH REPUBLIC
*also known as* REPUBLIC OF FRANCE
*care of* Ministère de l'Environment, de l'Energie et de la Mer
Tour Pascal A et B
Tour Sequoia
92055 La Défense Cedex
FRANCE
**-OR-**
Wherever the Defendant may be found in France

---

## IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT M AY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
U.S.A.
Tel. 1.904.394.7450

## TRÈS IMPORT ANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSS!BILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
U.S.A.
Tel. 1.904.394.7450

## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention  relative à la signification et à la notification à l'etranger des actes judiciaires et extrajudiciares
en matière civile au commerciale. signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| Name and address of the requesting authority:<br>*Nom et adresse de l'autorité requérante :* | Karina J. Shreefer, Esq. and Tom R. McLean, Esq.<br>LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

| | |
|---|---|
| Particulars of the parties*:<br>*Identité des parties :* | In re: RMS TITANIC, INC., et al., *Debtors* |
| | RMS TITANIC, INC., *Plaintiff* |
| | FRENCH REPUBLIC *also known as* REPUBLIC OF FRANCE, *Defendant* |

### JUDICIAL DOCUMENT**
### *ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    To give notice to the Defendant of the filing of a Motion to Intervene
and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*    To notify the Defendant that a Motion to Intervene has been filed and
to give it notice of an opportunity to object and for hearing.

**Date and place for entering appearance**:**
*Date et lieu de la comparution :*    If defendant objects to the relief requested in the attached paper it must file with the Clerk of the United States
Bankruptcy Court, Middle District of Florida, Jacksonville Division, located at: Bryan Simpson United States Courthouse, 300 North Hogan
Street, Suite 3-150, Jacksonville, Florida 32202 U.S.A. its response within fourteen (14) days from the date set forth on the proof of service
attached to the papers plus an additional three days for service.  And the Defendant must serve a copy of its response on Akerman LLP, and any
other appropriate persons within the time allowed.

**Court which has given judgment**:**
*Juridiction qui a rendu la décision :*    N/A

**Date of judgment**:**
*Date de la décision :*    N/A

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte :*    If defendant objects to the relief requested in the attached paper it must file with the Clerk of the Court its
response within fourteen (14) days from the date set forth on the proof of service attached to the papers plus an additional three days for service.
And the Defendant must serve a copy of its response on Akerman LLP, and any other appropriate persons within the time allowed.  If Defendant
files and serves a response within the time permitted, the Court may schedule and notify Defendant of hearing, or the Court may consider the
response and may grant or deny the relief requested without a hearing. If Defendant does not file a response within the time permitted, the Court
will consider that the Defendant did not oppose the relief requested in the paper, will proceed to consider the paper without further notice of
hearing, and may grant the relief requested.

### EXTRAJUDICIAL DOCUMENT**
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    N/A

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte :*    N/A

---

\*    **If appropriate, identity and address of the person interested in the transmission of the document.**
   *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*  **Delete if inappropriate.**
   *Rayer les mentions inutiles*

*U.S. Government Printing Office: 1990-262-211/15302

3



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free   (800) 755-5775
Telefax    (913) 341-3168
www.legallanguage.com

December 2, 2016
*2 décembre 2016*

To whom it may concern:
*A qui de droit:*

This is to certify that the attached translation from English into French is an accurate representation of the document received by this office.  This document is designated as:
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau.  Ce document est désigné sous le titre:*

**Motion of the Official Committee of Equity Security Holders of Premier Exhibitions, Inc., to Intervene as a Party Plaintiff**
*Ordonnance accordant la Requête du Comité Officiel des Détenteurs d'Actions de premier Exhibitions, Inc. pour Intervenir en tant que partie Demanderesse*

**Karina Shreefer, Manager of this company, certifies that Louise Valiquette, who translated this document, is fluent in French and standard North American English and qualified to translate.  He/She attests to the following:**
*Karina Shreefer, directeur de cette compagnie certifie que Louise Valiquette, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire.  Il/Elle atteste de ce qui suit:*

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

_____
**Signature of Karina Shreefer**
*Signature de Karina Shreefer*

**Subscribed and sworn to before me this December 2, 2016.**
*Déclaration faite sous serment devant moi, le 2 décembre 2016.*

_____
**Vicki Farron**                           *Vicki Farron*
**Notary Public, State of Kansas**         *Notaire, Etat de Kansas*
**Qualified in Johnson County**            *Qualifiée dans le Comté de Johnson*
**Commission Expires December 9, 2016**    *Certification expire le 9 décembre 2016*

**Sincerely,**
*Sincèrement,*

**Victor J. Hertz**
**President/***Président*

**TRIBUNAL DE FAILLITE DES ÉTATS-UNIS**
**DISTRICT CENTRAL DE LA FLORIDE**
**DIVISION DE JACKSONVILLE**

Dans l'affaire :

|  |  |
|---|---|
| RMS TITANIC, INC. *et autres,[1]*<br><br>    Débitrices. | Affaire n° 3:16-bk-02230-PMG<br>Chapitre 11<br><br>Administration conjointe |

---

|  |  |
|---|---|
| RMS TITANIC, INC.,<br><br>    Demanderesse,<br><br>contre<br><br>RÉPUBLIQUE FRANÇAISE<br>également connue sous le nom de RÉPUBLIQUE DE FRANCE,<br><br>    Défenderesse. | Proc. contrad. n° 3:16-ap-00183-PMG |

---

**REQUÊTE DU COMITÉ OFFICIEL DES DÉTENTEURS D'ACTIONS DE PREMIER EXHIBITIONS, INC. POUR INTERVENIR EN TANT QUE PARTIE DEMANDERESSE**

---

**AVIS DE POSSIBILITÉ DE FAIRE OBJECTION ET D'AUDITION**

Conformément à la Règle locale 2002-4, le Tribunal examinera cette requête sans autre avis ou audition à moins qu'une partie intéressée ne dépose une réponse dans un délai de quatorze (14) jours de la date indiquée sur la preuve de signification jointe au présent document plus trois autres jours de signification. Si vous vous objectez au redressement demandé dans ce document, vous devez déposer votre réponse auprès du greffier du tribunal à 300 North Hogan Street, Suite 3-150, Jacksonville, Floride 32202, et signifier une copie à Me Jacob A. Brown, Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, et toute autre personne appropriée dans le délai imparti.

Si vous déposez et signifiez une réponse dans le délai autorisé, le Tribunal peut fixer une audition et vous en aviser, ou le Tribunal peut prendre en compte la réponse et peut accorder ou refuser le redressement demandé sans audition. Si vous ne déposez pas une réponse dans le

---

[1] Les Débitrices dans les affaires en vertu du chapitre 11, concurremment avec les quatre derniers chiffres du numéro d'identification de chaque Débitrice aux fins fiscales fédérales, comprennent : RMS Titanic, Inc. (3162) ; Premier Exhibitions, Inc. (4922) ; Premier Exhibitions Management, LLC (3103) ; Arts and Exhibitions International, LLC (3103) ; Premier Exhibitions International, LLC (5075) ; Premier Exhibitions NYC, Inc. (9246) ; Premier Merchandising, LLC (3867) ; et Dinosaurs Unearthed Corp. (7309). L'adresse des Débitrices aux fins de signification est 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057679;1}

délai autorisé, le Tribunal viendra à la conclusion que vous ne vous objectez pas au redressement demandé dans le document, examinera le document sans autre avis ou audition et peut accorder le redressement demandé.

Le Comité officiel des détenteurs d'actions (le « Comité des actionnaires ») de Premier Exhibitions, Inc. (« Premier »), Débitrice du chapitre 11 dans l'affaire n° 3:16-bk-02232-PMG et la société mère de RMS Titanic, Inc. (« RMST »), Débitrice du chapitre 11 dans l'affaire n° 3:16-bk-02230-PMG, s'adresse par les présentes au Tribunal par requête (la « Requête ») pour obtenir le prononcé d'une ordonnance revêtant essentiellement la forme jointe aux présentes en **Annexe A**, autorisant le Comité des actionnaires à intervenir en tant que partie demanderesse dans la procédure contradictoire en rubrique (la « Procédure contradictoire »). Au soutien de la Requête, le Comité des actionnaires déclare ce qui suit :

## I.

## FAITS DE BASE

1.    Le 14 juin 2016 (la « Date de la demande »), chacune des Débitrices a déposé une demande volontaire de redressement en vertu du chapitre 11 du Code de la faillite, intentant ainsi l'affaire de faillite en rubrique sous administration conjointe (« l'Affaire de faillite »).

2.    Les Débitrices continuent à exploiter leurs activités en tant que débitrices en possession en vertu des articles 1107 et 1108 du Code de la faillite.

3.    Aucun syndic ou administrateur judiciaire n'a été nommé dans l'Affaire de faillite.

4.    Le 24 août 2016, le syndic intérimaire des États-Unis, Guy G. Gebhardt, a nommé les membres du Comité des actionnaires. Le 31 août 2016, le Comité des actionnaires a retenu les services de Landau Gottfried & Berger LLP en tant que conseillers juridiques en matière générale de faillite.

5.    Le 14 octobre 2016, le Tribunal a prononcé une ordonnance  autorisant le Comité des actionnaires à employer Landau Gottfried & Berger LLP en tant que conseillers juridiques du Comité des actionnaires en matière générale de faillite. [n° de répertoire 277.]

## II.

### DÉBUT DE LA PROCÉDURE CONTRADICTOIRE

6.        Le 17 août 2016, RMST a intenté la présente Procédure contradictoire en déposant une Plainte contre la défenderesse République française, également connue sous le nom de République de France (« France »). [n° de répertoire 1.]. La Plainte vise à obtenir un jugement déclaratoire à l'effet que la France n'a aucun intérêt aux soi-disant « Artefacts français ».[2]

7.        Selon la Déclaration de Joanna Sirour [n° de répertoire 4] faite le 31 août 2016, RMST a signifié la Plainte en France au moyen d'un huissier spécial. RMST a également fait parvenir l'assignation en France par courrier.

8.        La France n'a pas déposé une réponse à la Plainte.

9.        Le 4 novembre 2016, RMST a déposé une Requête en jugement par défaut contre la France en vertu de la Règle locale 7001-1(e).

### III.

### REDRESSEMENT DEMANDÉ

10.        Le Comité des actionnaires recherche le prononcé d'une ordonnance, en vertu de la Règle fédérale de procédure civile 24(a)(1), (a)(2) et (b)(2), rendue applicable à la présente procédure par la Règle fédérale de procédure en matière de faillite 7024, autorisant le Comité des actionnaires à intervenir dans la Procédure contradictoire en tant que partie demanderesse. Les réclamations et les défenses que le Comité des actionnaires cherche à faire valoir dans la Procédure contradictoire sont les mêmes réclamations et défenses que RMST a présentées. *Voir* art. 24(c) des Règles fédérales de procédure civile; *Anderson v. HNS, LP Ingenious Designs, Inc. (In re Donovan)*, 2004 WL 5848453, à *4 (N.D. Ga. 27 sept. 2004) (concluant qu'il n'est pas nécessaire de joindre un acte de plaidoirie à une requête en intervention lorsque la partie défenderesse a été avisée de la nature des réclamations de la partie intervenante).

---

[2] Le Tribunal se rappellera que les « Artefacts français » et la capacité de RMST de se départir de ces actifs sont l'objet de *l'Ordonnance sur la requête visant à obtenir une ordonnance autorisant les Débitrices à commercialiser et vendre certains artefacts du Titanic libres et exempts de privilèges, de réclamations et d'intérêts* du présent Tribunal [n° de répertoire 102 dans l'affaire n° 3:16-bk-02230-PMG.] RMST a déposé la Procédure contradictoire suivant la détermination par le présent Tribunal à l'effet que la demande de RMST de commercialiser et vendre les Artefacts français libres et exempts de tout intérêt dans ces actifs doit être faite au moyen d'une procédure contradictoire.

# IV.

## ARGUMENT

11.　　Le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle fédérale de procédure civile 24(a)(1). Cette Règle prévoit que le tribunal doit permettre à toute partie d'intervenir lorsque cette partie jouit d'un droit inconditionnel d'intervenir en vertu d'une loi fédérale. La Règle 24(a)(1) prévoit plus particulièrement que « toute personne doit être autorisée à intervenir dans une action » si une loi fédérale autorise le droit inconditionnel d'intervenir. Règle fédérale de procédure civile 24(a)(1).

12.　　L'article 1109 du Code de la faillite prévoit que, en tant que partie intéressée, un comité de détenteurs d'actions a le droit de soulever, de comparaître et d'être entendu sur toute question dans une affaire en vertu du chapitre 11. *Voir* article 1109(b) du titre 11 du United States Code.

13.　　Un certain nombre de tribunaux, y compris le présent Tribunal, ont conclu que, sur la base du droit réglementaire créé par l'article 1109(b) du Code de la faillite, les comités officiels ont un droit absolu d'intervenir dans des procédures contradictoires. Voir *Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 166 (2d Cir. 2002) (renversant les ordonnances du tribunal de la faillite et du tribunal de première instance rejetant le droit d'un comité d'intervenir et jugeant que le comité avait un droit réglementaire inconditionnel d'intervenir en tant que partie intéressée) ; *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006) (reconnaissant que parce que l'autorisation prévue par l'article 1109(b) de comparaître et d'être entendu sur « toute question d'une affaire » s'applique aux procédures contradictoires qui sont en instance dans l'affaire de faillite principale, le statut d'une entité en tant que « partie intéressée » accorde à cette entité un droit inconditionnel d'intervenir) ; *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992).

14.    Étant donné que le statut d'une entité en tant que « partie intéressée » en vertu de l'article 1109(b) satisfait la norme d'intervention exigée par la Règle 24(a)(1), et étant donné que le Comité des actionnaires est indéniablement une « partie intéressée » en vertu de l'article 1109(b), le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle 24(a)(1). *Celotex Corp.*, 377 B.R. à 350 (« Le statut d'une entité en tant que « partie intéressée » en vertu de l'article 1109(b) satisfait la norme d'intervention requise par la Règle 24(a)(1) des Règles fédérales de procédure civile, étant donné qu'une loi des États-Unis confère un droit inconditionnel d'intervenir. Étant donné que le Représentant légal, le TAC et le PDAC sont jugés de manière concluante être des « parties intéressées » en vertu de l'article 1109(b) en vertu du Plan de confirmation de l'ordonnance, ils doivent être autorisés à intervenir dans la présente procédure aux termes de la Règle 24(a)(1) »). (citations omises).

15.    Le Comité des actionnaires doit également être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle 24(a)(2). Cette Règle oblige un tribunal à permettre à une entité d'intervenir si cette entité « revendique un droit aux biens ou à la transaction faisant l'objet de l'action, et est dans une situation telle qu'une décision prise sur l'action peut à toutes fins pratiques compromettre ou affecter la capacité [de cette entité] de protéger son droit, à moins que les parties existantes ne représentent adéquatement ce droit. »). Règle fédérale de procédure civile 24(a)(2). Un intervenant proposé a un « fardeau minimal de montrer que les parties existantes ne peuvent représenter adéquatement son droit ». *Georgia v. U.S. Army Corps of Engineers, et al.*, 302 F.2d 1242, 1259 (11th Cir. 2002).

16.    Le Comité des actionnaires a un intérêt indéniable à s'assurer que les Artefacts français sont jugés être la propriété de la masse, parce qu'une telle détermination aura un effet significatif sur les actifs disponibles pour distribution aux créanciers et aux détenteurs d'actions dans les affaires des Débitrices. Étant donné que les détenteurs d'actions ont une priorité plus basse que celle des créanciers généraux non garantis dans le plan de distribution du Code de la faillite, le Comité des actionnaires n'a aucune façon de protéger les intérêts des détenteurs d'actions autre que d'aider RMST à obtenir la détermination que les Artefacts français sont la propriété de la masse (ceci est particulièrement le cas parce que RMST a une obligation fiduciaire envers ses créanciers non garantis qui peut entrer en conflit

avec son obligation fiduciaire envers les détenteurs d'actions). Voir *Golden Glades Reg'l Med. Ctr.*, 147 B.R. à 816 (« En tant que créancier non garanti, Blue Cross a un intérêt indéniable aux fonds dont on cherche le recouvrement. Étant donné qu'elle n'a aucune garantie pour protéger par ailleurs son intérêt non garanti, Blue Cross n'a d'autre façon de protéger son intérêt non garanti que d'aider au recouvrement des fonds au bénéfice des créanciers non garantis. En outre, étant donné que la créance non garantie de l'intérêt non garanti de Blue Cross est d'importance, elle ne peut être adéquatement représentée par les parties existantes. Blue Cross a donc satisfait à ce fardeau minimal, et l'intervention en vertu des Règles fédérales de procédure civile 7024(a)(2) et 24(a)(2) est appropriée et il doit être fait droit à la Requête. »).

17.    En outre, depuis que cette affaire de faillite est en instance, la Débitrice a essuyé une série de revirements dans son effort de vendre les Artefacts français. Les difficultés procédurales auxquelles la Débitrice est confrontée sont un motif de préoccupation pour le Comité des actionnaires parce que les détenteurs d'actions ont un intérêt considérable aux actifs qui sont au cœur de cette procédure. Par son intervention, le Comité des actionnaires pourra protéger et préserver ces intérêts. Il est donc clair que le Comité des actionnaires a un intérêt aux biens ou à la transaction faisant l'objet de la Procédure contradictoire et qu'il est également approprié de permettre au Comité des actionnaires d'intervenir en vertu de la Règle 24(a)(2).

18.    Enfin, le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle fédérale de procédure civile 24(b). Cette Règle prévoit que, sur présentation d'une demande ponctuelle, toute personne peut être autorisée à intervenir dans une action lorsque la personne présentant la demande a une réclamation ou une défense ayant une question commune de droit ou de fait avec l'action principale. Règle fédérale de procédure civile 24(b)(1)(B). Dans le cas présent, le Comité des actionnaires a intérêt à s'assurer que les Artefacts français sont jugés être la propriété de la masse et, une fois cette détermination faite, que ces actifs sont adéquatement administrés. En ce sens, la réclamation du Comité des actionnaires est identique à la réclamation de RMST dans la Procédure contradictoire. Le Comité des actionnaires a donc une réclamation qui partage « une question commune de droit ou de fait » avec la réclamation faite par RMST dans la Procédure contradictoire. En

outre, l'intervention par le Comité des actionnaires ne retardera pas indûment ou ne portera pas préjudice à l'adjudication des droits des parties initiales dans la Procédure contradictoire. *Voir* Règle fédérale de procédure civile 24(b)(3). La Procédure contradictoire est à un stade préliminaire et, hormis la Plainte et la Requête pour défaut déposées par RMST, aucun acte de plaidoirie ou document substantif n'a été déposé. Par conséquent, le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en tant que partie demanderesse conformément à la Règle 24(b).

## V.

## CONCLUSION

Pour les raisons susmentionnées, le Comité des actionnaires demande respectueusement que la Requête soit accordée et que le Tribunal prononce une ordonnance autorisant le Comité des actionnaires à intervenir dans la Procédure contradictoire en tant que partie demanderesse en vertu de la Règle fédérale de procédure civile 24 sous la forme jointe aux présentes en **Annexe A** et tout autre redressement que le Tribunal juge nécessaire et approprié.

Date : 21 novembre 2016

Peter J. Gurfein
Roye Zur
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, Californie 90067
(310) 557-0050
(310) 557-0056 (télécopieur)
pgurfein@lgbfirm.com

- et –

**AKERMAN LLP**
Par : */s/ Jacob A. Brown*
Jacob A. Brown
Barreau de la Floride nº 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (télécopieur)
Jacob.brown@akerman.com

Avocats du Comité officiel des détenteurs
d'actions de Premier Exhibitions, Inc.

## ATTESTATION DE SIGNIFICATION

J'ATTESTE PAR LES PRÉSENTES qu'une copie de ce qui précède a été remise par notification électronique ou service postal des États-Unis, préaffranchi et dûment adressé, en ce 21ᵉ jour de novembre 2016 à :

Me Daniel F. Blanks
Nelson Mullins Riley & Scarborough LLP
50 North Laura Street, Suite 4100
Jacksonville, FL 32202

Marie-Laurence Navarri
Magistrat de liaison aux États-Unis
Attachée de justice, Ambassade française
4101 Reservoir Road
Washington, DC 20007

Ministre de l'Environnement, de l'Énergie et de
la Mer, Tour A et B,
Tour Sequoia, 92055 La Défense CEDEX
France

*/s/ Jacob A. Brown*
Avocat

**TRIBUNAL DE FAILLITE DES ÉTATS-UNIS
DISTRICT CENTRAL DE LA FLORIDE
DIVISION DE JACKSONVILLE
www.flmb.uscourts.gov**

Dans l'affaire :

RMS TITANIC, INC. *et autres,[3]*

      Débitrices.

Affaire n° 3:16-bk-02230-PMG
Chapitre 11

Administration conjointe

---

RMS TITANIC, INC.,

      Demanderesse,

contre

RÉPUBLIQUE FRANÇAISE
également connue sous le nom de RÉPUBLIQUE DE FRANCE,

      Défenderesse.

Proc. contrad. n° 3:16-ap-00183-PMG

---

**ORDONNANCE ACCORDANT LA REQUÊTE DU COMITÉ OFFICIEL DES DÉTENTEURS
D'ACTIONS DE PREMIER EXHIBITIONS, INC.
POUR INTERVENIR EN TANT QUE PARTIE DEMANDERESSE**

Le Tribunal ayant été saisi de la présente PROCÉDURE à la requête (la « Requête »)[4] du Comité

---

[1] Les Débitrices dans les affaires en vertu du chapitre 11, concurremment avec les quatre derniers chiffres du numéro d'identification de chaque Débitrice aux fins fiscales fédérales, comprennent : RMS Titanic, Inc. (3162) ; Premier Exhibitions, Inc. (4922) ; Premier Exhibitions Management, LLC (3103) ; Arts and Exhibitions International, LLC (3103) ; Premier Exhibitions International, LLC (5075) ; Premier Exhibitions NYC, Inc. (9246) ; Premier Merchandising, LLC (3867) ; et Dinosaurs Unearthed Corp. (7309). L'adresse des Débitrices aux fins de signification est 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057679;1}

**PIÈCE A**

officiel des détenteurs d'actions de Premier Exhibitions, Inc., autorisant le Comité des actionnaires à intervenir en tant que partie demanderesse dans la présente Procédure contradictoire. Aucune objection n'ayant été formulée à la Requête après qu'un avis en bonne et due forme ait été donné aux parties intéressées en vertu de la Règle de faillite locale 2002-4 et de l'Ordonnance administrative FLMB-2014-10 prescrivant des procédures pour les procédures contradictoires le 14 novembre 2016, il est

**ORDONNÉ :**

1. Il est FAIT DROIT à la requête.

2. Le Comité des actionnaires est autorisé à intervenir dans la présente Procédure contradictoire en tant que partie demanderesse.

3. S'il a l'intention de faire valoir des motifs d'action supplémentaires, le Comité des actionnaires disposera d'un délai de 14 jours depuis la date de la présente Ordonnance pour déposer sa Plainte de partie intervenante.

Il est donné instructions à Me Jacob A. Brown de signifier une copie de la présente Ordonnance aux parties intéressées qui ne sont pas des utilisateurs du système CM/ECF et de déposer une preuve d'assignation dans les trois jours suivant le prononcé de l'Ordonnance.

---

[2] Les termes définis de la Requête sont incorporés par référence dans les présentes.

{40057679;1}

2

**PIÈCE A**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC. *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11

Jointly Administered

---

RMS TITANIC, INC.,

        Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

        Defendant.

Adv. Pro. No. 3:16-ap-00183-PMG

---

## MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC., TO INTERVENE AS A PARTY PLAINTIFF

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files a response within fourteen (14) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202, and serve a copy on Jacob A. Brown, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057679;1}

the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc. ("RMST"), the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, hereby moves (the "Motion") the Court for entry of an order in substantially the form attached hereto as **Exhibit A**, authorizing the Equity Committee to intervene as a party plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of the Motion, the Equity Committee states as follows:

## I.

## BACKGROUND FACTS

1.     On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

2.     The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.     No trustee or examiner has been appointed in the Bankruptcy Case.

4.     On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee. On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP as its general bankruptcy counsel.

5.     On October 14, 2016, the Court entered an order authorizing the Equity Committee's employment of Landau Gottfried & Berger LLP as the Equity Committee's general bankruptcy counsel. [Docket No. 277.]

{40057679;1}                                              2

## II.

## COMMENCEMENT OF THE ADVERSARY PROCEEDING

6.     On August 17, 2016, RMST commenced this Adversary Proceeding by filing a

Complaint against defendant French Republic a/k/a Republic of France ("France"). [Docket No.

1.]  The Complaint seeks a declaratory judgment that France has no interest in the so-called

"French Artifacts."[2]

7.     According to the Declaration of Joanna Sirour [Docket No. 4], on August 31,

2016, RMST served the Complaint on France by way of a special process server.  RMST also

mailed the summons to France.

8.     France has not filed a response to the Complaint.

9.     On November 4, 2016, RMST filed a Motion for Default Judgment against France

pursuant to Local Rule 7001-1(e).

## III.

## RELIEF REQUESTED

10.     The Equity Committee seeks entry of an order, pursuant to Federal Rule of Civil

Procedure 24(a)(1), (a)(2), and (b)(2), made applicable to this proceeding by Federal Rule of

Bankruptcy Procedure 7024, authorizing the Equity Committee to intervene in the Adversary

Proceeding as a party plaintiff.  The claims and defenses that the Equity Committee seeks to

assert in the Adversary Proceeding are the same claims and defenses that RMST has asserted.

*See* Fed. R. Civ. P. 24(c); *Anderson v. HNS, LP Ingenious Designs, Inc. (In re Donovan)*, 2004

WL 5848453, at *4 (N.D. Ga. Sept. 27, 2004) (concluding that it is not necessary to attach a

---

[2]  As the Court will recall, the "French Artifacts," and RMST's ability to dispose of those assets, are the subject of
this Court's *Order on Motion for Order Authorizing the Debtors to Market and Sell Certain Titanic Artifacts Free
and Clear of Liens, Claims, and Interests* [Docket No. 102 in Case No. 3:16-bk-02230-PMG.]  RMST filed the
Adversary Proceeding following this Court's determination that RMST's request to market and sell the French
Artifacts free and clear of any interest in those assets should be done by way of an adversary proceeding.

pleading to an intervention motion when the defendant has been put on notice of the nature of the intervenor's claims).

## IV.

## ARGUMENT

11.    The Equity Committee should be permitted to intervene in the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24(a)(1). That Rule provides that the court must permit any party to intervene where such party is given an unconditional right to intervene by a federal statute. Specifically, Rule 24(a)(1) provides that "anyone shall be permitted to intervene in an action" if a federal statute authorizes the unconditional right to intervene. Fed. R. Civ. P. 24(a)(1).

12.    Section 1109 of the Bankruptcy Code provides that, as a party in interest, an equity security holders' committee has a right to raise, appear, and be heard on any issue in a case under Chapter 11. *See* 11 U.S.C. § 1109(b).

13.    A number of courts, including this Court, have concluded that based on the statutory right created by section 1109(b) of the Bankruptcy Code, official committees have an absolute right to intervene in adversary proceedings. *See Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 166 (2d Cir. 2002) (reversing bankruptcy and district court orders denying a committee's right to intervene and holding that committee had unconditional statutory right as a party in interest to intervene); *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006) (recognizing that because the authorization provided by Section 1109(b) to appear and be heard on "any issue in a case" extends to adversary proceedings pending in the main bankruptcy case, an entity's status as a "party in interest" grants that entity an unconditional right

to intervene); *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992).

14.     Because an entity's status as a "party in interest" under section 1109(b) satisfies the standard for intervention required by Rule 24(a)(1), and because the Equity Committee is unquestionably a "party in interest" under section 1109(b), the Equity Committee must be permitted to intervene in the Adversary Proceeding pursuant to Rule 24(a)(1). *Celotex Corp.*, 377 B.R. at 350 ("An entity's status as a 'party in interest' under §1109(b) satisfies the standard for intervention required by Rule 24(a)(1) of the Federal Rules of Civil Procedure, since a statute of the United States confers an unconditional right to intervene. Since the Legal Representative, the TAC, and the PDAC are conclusively determined to be 'parties in interest' under §1109(b) by virtue of the Order Confirming Plan, they should be permitted to intervene in this proceeding pursuant to Rule 24(a)(1).") (internal citations and quotations omitted).

15.     The Equity Committee also should be permitted to intervene in the Adversary Proceeding pursuant to Rule 24(a)(2). That Rule requires a court to permit an entity to intervene if that entity "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [that entity's] ability to protect its interest, unless existing parties adequately represent that interest."). Fed. R. Civ. P. 24(a)(2). A proposed intervenor has a "minimal burden of showing that the existing parties cannot adequately represent its interest." *Georgia v. U.S. Army Corps of Engineers, et al.*, 302 F.2d 1242, 1259 (11th Cir. 2002).

16.     The Equity Committee has an undeniable interest in ensuring that the French Artifacts are determined to be property of the estate, because such a determination will have a significant effect on the assets available for distribution to creditors and equity security holders

in the Debtors' cases.  Because equity security holders have lower priority in the Bankruptcy
Code's distribution scheme than general unsecured creditors, the Equity Committee has no other
way to protect the interests of equity security holders other than to assist RMST in obtaining the
determination that the French Artifacts are property of the estate (this is particularly the case
because RMST has a fiduciary obligation to its unsecured creditors that may conflict with its
fiduciary obligation to equity security holders).  *See Golden Glades Reg'l Med. Ctr.*, 147 B.R. at
816 ("As an unsecured creditor, Blue Cross has an undeniable interest in the funds which are
sought to be recovered.  Because it has no security to otherwise protect its unsecured interest,
Blue Cross has no other way to protect its unsecured interest other than to assist in recovering
funds for the benefit of the unsecured creditors.  In addition, because the unsecured claim of Blue
Cross unsecured interest is substantial, it may not be adequately represented by existing parties.
Therefore, Blue Cross has met this minimal burden, and intervention under FRCP 7024(a)(2) and
FRCP 24(a)(2) is appropriate and the Motion should be granted.").

17.     Moreover, in the time that this bankruptcy case has been pending, the Debtor has
suffered a series of setbacks in its effort to sell the French Artifacts.  The procedural difficulties
in which the Debtor has been mired are of particular concern to the Equity Committee because
equity holders have a significant interest in the assets that are at the center of this proceeding.
Through its intervention, the Equity Committee will be able to protect and preserve these
interests.  Accordingly, it is clear that the Equity Committee has an interest relating to the
property or transaction which is the subject of the Adversary Proceeding, and that permitting the
Equity Committee to intervene pursuant to Rule 24(a)(2) also is appropriate.

18.     Finally, the Equity Committee should be permitted to intervene in the Adversary
Proceeding pursuant to Federal Rule of Civil Procedure 24(b).  That Rule provides that, upon a

timely application, anyone may be permitted to intervene in an action when the applicant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Here, the Equity Committee has an interest in ensuring that the French Artifacts are determined to be property of the estate and, upon such determination, that these assets are properly administered. In that sense, the Equity Committee's claim is identical to the claim of RMST in the Adversary Proceeding. Therefore, the Equity Committee has a claim that shares "a common question of law or fact" with the claim asserted by RMST in the Adversary Proceeding. Moreover, intervention by the Equity Committee will not unduly delay or prejudice the adjudication of the original parties' rights in the Adversary Proceeding. *See* Fed. R. Civ. P. 24(b)(3). The Adversary Proceeding is at a preliminary stage and, other than the Complaint and Motion for Default filed by RMST, no substantive pleadings or papers have been filed. Accordingly, the Equity Committee should be permitted to intervene in the Adversary Proceeding as a party plaintiff pursuant to Rule 24(b).

## V.

## CONCLUSION

For the reasons set forth above, the Equity Committee respectfully requests that the Motion be granted, and that the Court enter an order authorizing the Equity Committee to intervene in the Adversary Proceeding as a party plaintiff pursuant to Federal Rule of Civil Procedure 24 in the form attached hereto as **Exhibit A** and for such other and further relief as the Court deems necessary and appropriate.

Date: November 21, 2016
        Peter J. Gurfein
        Roye Zur
        **LANDAU GOTTFRIED & BERGER LLP**
        1801 Century Park East, Suite 700
        Los Angeles, California 90067
        (310) 557-0050
        (310) 557-0056 (Facsimile)

pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity
Security Holders of Premier Exhibitions, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. mail, postage prepaid and properly addressed, this 21st day of November, 2016 to:

Daniel F. Blanks, Esq.
Nelson Mullins Riley & Scarborough LLP
50 North Laura Street, Suite 4100
Jacksonville, FL 32202

Marie-Laurence Navarri
Magistrat de liaison aux Etats-Unis
Justice Attache, French Embassy
4101 Reservoir Road
Washington, D.C. 20007

Ministre de l'Environment, de l'Energir et de
la Mer, Tour A et B,
Tour Sequoia, 92055 La Defense CEDEX,
France

*/s/ Jacob A. Brown*
Attorney

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

RMS TITANIC, INC. *et al.,*[1]

        Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11

Jointly Administered

---

RMS TITANIC, INC.,

        Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

        Defendant.

Adv. Pro. No. 3:16-ap-00183-PMG

---

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE**
**OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC.,**
**TO INTERVENE AS A PARTY PLAINTIFF**

THIS PROCEEDING came before the Court upon the Motion (the "Motion")[2] of the

Official Committee of Equity Security Holders of Premier Exhibitions, Inc., authorizing the

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); ;Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057682;1}

**Exhibit A**

Equity Committee to Intervene as a Party Plaintiff in this Adversary Proceeding.  There being no

objection to the Motion after proper notice to interested parties pursuant to Local Bankruptcy

Rule 2002-4 and FLMB-2014-10 Administrative Order Prescribing Procedures for Adversary

Proceedings on November 14, 2016, it is

**ORDERED**:

1.      The Motion is GRANTED.

2.      The Equity Committee is authorized to intervene in this Adversary Proceeding as

Party Plaintiff.

3.      The Equity Committee, should it intend to assert additional causes of action, shall

have 14 days from the date of this Order to file its Intervener's Complaint.

Attorney Jacob A. Brown is directed to serve a copy of this Order on interested parties who are
non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

---

[2] Defined terms from the Motion are incorporated by reference herein.

{40057682;1}                                   2

**Exhibit A**

PREMIERE EXPEDITION

### Olivier PEROLLE – Françoise SOUBIE-NINET

Huissiers de Justice Associés près le Tribunal de Grande Instance de Paris

**152, Rue de Javel - 75015 PARIS**
1er Etage - INTERPHONE : « HUISSIER » - (STATION METRO FELIX FAURE LIGNE 8)
Etude ouverte du Lundi au Vendredi de 9h30 à 12h00 et de 14h00 à 17h30
sauf les Mardi et Jeudi 9h à 12h00 et de 14h00 à 19h00

contact@huissier-opfsn.com
Standard : 01.56.08.33.33 - Télécopie : 01.56.08.33.34

*Société Générale :* 30003 03540 00022077975 08
*IBAN :* FR76 3000 3035 4000 0220 7797 508
*BIC-ADRESSE SWIFT :* SOGEFRPP

Paiement sécurisé
http://www.huissier-opfsn.com

Cor : 300, MD :85341

Acte : 151868

---

## SIGNIFICATION DE L'ACTE

le vingt six Décembre deux mille seize

Cet acte a été signifié par Clerc assermenté , dans les conditions suivant les déclarations qui lui ont été faites à :,

Vu et reçu (article 692 et 693 du nouveau code de procédure civile) par Madame PENISSON-LEMETEYER Joelle, secrétaire à Paris le 26 décembre 2016 pour l'agent judiciaire de l'Etat

Qui a reçu la copie et visé l'original.

Le présent acte n'est pas soumis à la taxe forfaitaire et comporte, 28 feuilles sur la copie

Les mentions relatives à la signification sont visées par l'Huissier de Justice.

Coût définitif de l'acte :

| COUT DE L'ACTE | |
|---|---|
| Emolument | 50,00 |
| ------- | |
| H.T. | 50,00 |
| Tva 20,00 % | 0,00 |
| ------- | |
| Coût de l'acte | 50,00 |



Membre d'une association agréée, le règlement est accepté par chèque, mandat, espèces, virement et carte bancaire par téléphone ou sur notre site dont l'adresse est indiquée ci-dessus.
N° de TVA intracommunautaire : FR 87481633543 Taux TVA : 20.00% N° SIRET : 481 633 543 00022
Conformément à la loi Informatique et Libertés du 6 janvier 1978, vous disposez d'un droit d'opposition, d'interrogation, d'accès et de rectification aux informations qui vous concernent. Pour exercer ce droit, veuillez vous adresser aux personnes habilitées. Numéro CIL 417.

**SCP O.PEROLLE**
**F.SOUBIE-NINET**

Huissiers de Justice Associés

**152 rue de Javel**
**75015 PARIS**

Tel : .01.56.08.33.33
Fax : .01.56.08.33.34

contact@huissier-opfsn.com

Société Générale
30003  03540  0002207797508



**Paiement sécurisé**
http://www.huissier-opfsn.com

Etude ouverte du **Lundi** au **Vendredi** de
9h30 à 12h00 et de 14h00 à 17h30
**Sauf les Mardi et Jeudi** de
9h00 à 12h00 et de 14h00 à 19h00

---

**ACTE**
**D'HUISSIER**
**DE**
**JUSTICE**

---



**PREMIÈRE EXPÉDITION**

---

| COUT DE L'ACTE | |
|---|---|
| Emolument | 50,00 |
| | |
| H.T. | 50,00 |
| Tva 20,00 % | 0,00 |
| | |
| Coût de l'acte | 50,00 |

---

REFERENCES A RAPPELER:
Cor : 300, MD :85341 - JB
JB
23/12/2016

---

## SIGNIFICATION ET REMISE D'UN ACTE ETRANGER
(convention de La Haye du 15 novembre 1965 (art10b))

L'AN DEUX MILLE SEIZE et le :    VINGT SIX DÉCEMBRE

SCP Olivier PEROLLE, Françoise SOUBIE-NINET Huissiers de Justice Associés près le Tribunal de Grande Instance de Paris, y demeurant, 152, rue de Javel, 15e, Agissant par l'un d'eux soussigné

À :

L'ETAT FRANÇAIS
représenté par Monsieur Jean MAIA, AGENT JUDICIAIRE DU TRESOR
6 Rue Louis-Weiss - Télédoc 353
75703 PARIS CEDEX 13
Où étant et parlant à comme il est dit à l'annexe

À LA DEMANDE DE :
RMS TITANIC INC
Ayant pour avocats :
Jacob A.Brown
AKERMAN LLP
Barreau de la Floride n°170038
50 North Laura Street, Suite 3100
32202 JACKSONVILLE- FLORIDE ETATS-UNIS

Peter J. Gurfein
Roye Zur
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
LOS ANGELES - CALIFORNIE 90067 – ETATS-UNIS
Elisant domicile en mon Etude

**JE VOUS SIGNIFIE COPIE D UN ACTE EN PROVENANCE DE L ETRANGER**

(X) Acte judiciaire
( ) Acte extrajudiciaire

NATURE DE L ACTE : REQUETE EN INTERVENTION

OBJET DE L ACTE :
Aviser le défendeur qu'une requête en intervention a été déposée à son encontre et l'assigner à y répondre ou à comparaître .

DATE ET LIEU DE COMPARUTION AINSI QUE DELAI FIGURANT DANS L ACTE
Au cas ou le défendeur contesterait le contenu des documents ci joints, il est tenu d'adresser sa réponse dans les 14 jours à compter de la date indiquée en tête du présent acte ( + 3 jours) auprès du Tribunal de la faillite des Etats-Unis, District Moyen de Floride, Division de Jacksonville sis à Bryan Simpson United States Courthouse – 300 North Hogan Street – Suite 3-150, Jacksonville, Floride 32202 ETATS-UNIS D'AMERIQUE.
Il doit également adresser une copie de sa réponse à AKERMAN LLP avocat de la demanderesse.
A défaut de réponse dans les délais prévus le tribunal pourra  sans autre avis d'audience statuer sur le redressement demandé.

La présente signification vous est ainsi faite conformément aux dispositions de l'article 10b de la Convention de La Haye du 15/11/1965 publiée par décret n°72-1019 du 09/11/1972 relative à la signification et à la  notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile et commerciale.

Le présent acte contient 28 feuilles

Vu et reçu copie
(Art. 692 et 693 du nouveau code
de procédure civile)
Paris, le    2 6 DEC. 2016
POUR L'AGENT JUDICIAIRE DE L'ETAT

Joëlle PENISSON-LEMETEYER
Secrétaire

Cor : 300, MD-85341                              Acte : 151868

Affaire n° 3:16-bk-02230-PMG
Proc. contrad. n° 3:16-ap-00183-PMG

## CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1) that the document has been served** *
*1. que la demande a été exécutée*

- the (date)  ·  *26/12/2016*
- *le (date)*
- at (place, street, number)  ·  *L'ÉTAT FRANÇAIS*
- *à (localité, rue numéro)*  ·  **RÉPUBLIQUE FRANÇAISE** *également connue sous le nom de* **RÉPUBLIQUE DE LA France**

*Représenté par Monsieur Jean NAÏA, Agent judiciaire du Trésor*
*6 Rue Louis-Weiss - Télédoc 353 - 75703 PARIS CEDEX 13 FRANCE*

~~– in one of the following methods authorised by article 5–~~
~~–dans une des formes suivantes prévues à l'article 5:~~

☐ ~~(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*~~,
  ~~a) selon les formes légales (article 5, alinéa premier, lettre a).~~

☐ ~~(b) in accordance with the following particular method*:~~
  ~~b) selon la forme particulière suivante :~~ _____

☐ ~~(c) by delivery to the addressee, who accepted it voluntarily. *~~
  ~~c) par remise simple~~

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

-(identity and description of person)  *Mme PENISSON-LENETEYER   JOZIE*
-*(identité et qualité de la personne)*,  **selon l'article 10, lettre b de la Convention**

-relationship to the addressee (family, business, or other):
-*liens de parenté, de subordination ou autres, avec le destinataire de l'acte:*  *Secrétaire*
*pour l'agent judiciaire de l'État*

~~2) that the document has not been served, by reason of the following facts*:~~
~~2. que la demande n'a pas été exécutée, en raison des faits suivants:~~

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*Pièces renvoyées:*

Notice et éléments essentiels de l'acte, en anglais et en français
Ordonnance accordant la Requête du Comité Officiel des
Détenteurs d'Actions de premier Exhibitions, Inc. pour
Intervenir en tant que partie Demanderesse, en anglais et
en français

Done at  *PARIS*  , the  *27/12/16*
*Fait à* _____ , *le*

**Signature and / or stamp.**
*Signature et / ou cachet.*

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'exécution:*

Signification d'acte en provenance de l'étranger

*le SOUSDE-NENT*

*\*Delete if inappropriate.*
*Rayer les mentions inutiles.*

2

**SCP O.PEROLLE**
**F.SOUBIE-NINET**

Huissiers de Justice Associés

**152 rue de Javel**
**75015 PARIS**

Tel : .01.56.08.33.33
Fax : .01.56.08.33.34

contact@huissier-opfsn.com

**Société Générale**
**30003  03540  00022077975 08**



**Paiement sécurisé**
http: /www.huissier-opfsn.com

Etude ouverte du **Lundi au Vendredi** de
9h30 à 12h00 et de 14h00 à 17h30
**Sauf les Mardi et Jeudi** de
9h00  à 12h00  et de 14h00 à 19h00

+----------------------+
| ACTE                 |
| D'HUISSIER           |
| DE                   |
| JUSTICE              |
+----------------------+



**PREMIÈRE EXPÉDITION**

+----------------------------+
| COUT DE L'ACTE             |
| Emolument          50,00   |
|                            |
| H.T.               50,00   |
| Tva 20,00 %         0,00   |
|                            |
| Coût de l'acte     50,00   |
+----------------------------+

+----------------------------+
| RÉFÉRENCES A RAPPELER:     |
| Cor : 300, MD :85341 - JB  |
| JB                         |
| 23/12/2016                 |
+----------------------------+

## SIGNIFICATION ET REMISE D'UN ACTE ÉTRANGER
(convention de La Haye du 15 novembre 1965 (art10b)

L'AN DEUX MILLE SEIZE et le :    VINGT SIX DÉCEMBRE

SCP Olivier PEROLLE, Françoise SOUBIE-NINET Huissiers de Justice Associés près le Tribunal de Grande
Instance de Paris, y demeurant, 152, rue de Javel, 15e, Agissant par l'un d'eux soussigné

**À :**
**L 'ETAT FRANÇAIS**
représenté par Monsieur Jean MAIA, AGENT JUDICIAIRE DU TRESOR
6 Rue Louis-Weiss - Télédoc 353
75703 PARIS CEDEX 13
Où étant et parlant à comme il est dit à l'annexe

**À LA DEMANDE DE :**
**RMS TITANIC INC**
Ayant pour avocats :
Jacob A.Brown
AKERMAN LLP
Barreau de la Floride n°170038
50 North Laura Street, Suite 3100
32202 JACKSONVILLE- FLORIDE ETATS-UNIS

Peter J. Gurfein
Roye Zur
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
LOS ANGELES - CALIFORNIE 90067 – ETATS-UNIS
Elisant domicile en mon Etude

**JE VOUS SIGNIFIE COPIE D UN ACTE EN PROVENANCE DE L ETRANGER**

(X) Acte judiciaire
(  ) Acte extrajudiciaire

NATURE DE L ACTE : REQUETE EN INTERVENTION

OBJET DE L ACTE :
Aviser le défendeur qu'une requête en intervention a été déposée à son encontre et l'assigner à y répondre ou à
comparaître .

DATE ET LIEU DE COMPARUTION AINSI QUE DELAI FIGURANT DANS L ACTE
Au cas ou le défendeur contesterait le contenu des documents ci joints, il est tenu d'adresser sa réponse dans les
14 jours à compter de la date indiquée en tête du présent acte ( + 3 jours) auprès du Tribunal de la faillite des
Etats-Unis, District Moyen de Floride, Division de Jacksonville sis à Bryan Simpson United States Courthouse –
300 North Hogan Street – Suite 3-150, Jacksonville, Floride 32202 ETATS-UNIS D'AMERIQUE.
Il doit également adresser une copie de sa réponse à AKERMAN LLP avocat de la demanderesse.
A défaut de réponse dans les délais prévus le tribunal pourra  sans autre avis d'audience statuer sur le
redressement demandé.

La présente signification vous est ainsi faite conformément aux dispositions de l'article 10b de la Convention de La
Haye du 15/11/1965 publiée par décret n°72-1019 du 09/11/1972 relative à la signification et à la  notification à
l'étranger des actes judiciaires ou extrajudiciaires en matière civile et commerciale.

Le présent acte contient 28 feuilles

Vu et reçu copie
(Art. 692 et 693 du nouveau code
de procédure civile)
Paris, le          2 6 DEC. 2016

Joëlle PENISSON-LEMETEYER          POUR L'AGENT JUDICIAIRE DE L'ETAT
                Secrétaire

Cor : 300, MD :85341                                          Acte : 151868



PREMIERE EXPEDITION

**Olivier PEROLLE – Françoise SOUBIE-NINET**
Huissiers de Justice Associés près le Tribunal de Grande Instance de Paris

**152, Rue de Javel - 75015 PARIS**
1er Etage - INTERPHONE : « HUISSIER » - (STATION METRO FELIX FAURE LIGNE 8)
Etude ouverte du Lundi au Vendredi de 9h30 à 12h00 et de 14h00 à 17h30
sauf les Mardi et Jeudi 9h à 12h00 et de 14h00 à 19h00

contact@huissier-opfsn.com
Standard : 01.56.08.33.33 - Télécopie : 01.56.08.33.34

Société Générale : 30003  03540  00022077975  08
IBAN : FR76 3000 3035 4000 0220 7797 508
BIC-ADRESSE SWIFT : SOGEFRPP

Paiement sécurisé
http://www.huissier-opfsn.com

Cor : 300, MD :85341

Acte : 151868

## SIGNIFICATION DE L'ACTE

le vingt six Décembre deux mille seize

Cet acte a été signifié par Clerc assermenté , dans les conditions suivant les déclarations qui lui ont été faites à :,

Vu et reçu (article 692 et 693 du nouveau code de procédure civile) par Madame PENISSON-LEMETEYER Joelle, secrétaire à Paris le 26 décembre 2016 pour l'agent judiciaire de l'Etat

Qui a reçu la copie et visé l'original.

Le présent acte n'est pas soumis à la taxe forfaitaire et  comporte,  28 feuilles sur la copie

Les mentions relatives à la signification sont visées par l'Huissier de Justice.



Coût définitif de l'acte :

| COUT DE L'ACTE | |
|---|---|
| Emolument | 50,00 |
| | ------- |
| H.T. | 50,00 |
| Tva  20,00 % | 0,00 |
| | ------- |
| Coût de l'acte | 50,00 |

Membre d'une association agréée,  le règlement est accepté par chèque, mandat, espèces, virement et carte bancaire par téléphone ou sur notre site dont l'adresse est indiquée ci-dessus.
N° de TVA intracommunautaire : FR 87481633543 Taux TVA : 20.00% N° SIRET : 481 633 543 00022
Conformément à la loi Informatique et Libertés du 6 janvier 1978, vous disposez d'un droit d'opposition, d'interrogation, d'accès et de rectification aux informations qui vous concernent. Pour exercer ce droit, veuillez vous adresser aux personnes habilitées. Numéro CIL 417.

**Affaire n° 3:16-bk-02230-PMG**
**Proc. contrad. n° 3:16-ap-00183-PMG**

CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention.*

**1) that the document has been served \***
*1. que la demande a été exécutée*

- the (date)      26/12/ 2016
- *le (date)*
- at (place, street, number)      L'ETAT FRANCAIS
- *à (localité, rue numéro)*      **REPUBLIQUE FRANÇAISE également connue sous le nom de RÉPUBLIQUE DE LA France**

Représenté par Monsieur Jean NAIA, Agent judiciaire
du Trésor
6 Rue Louis-Weiss - Télédoc 353 -75703 PARIS CEDSE 13
FRANC

~~- in one of the following methods authorised by article 5~~
*~~-dans une des formes suivantes prévues à l'article 5~~*

☐ ~~(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention\*,~~
*~~a) selon les formes légales (article 5, alinéa premier, lettre a).~~*

☐ ~~(b) in accordance with the following particular method\*:~~
*~~b) selon la forme particulière suivante :~~*

☐ ~~(c) by delivery to the addressee, who accepted it voluntarily. \*~~
*~~c) par remise simple~~*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à :*

-(identity and description of person)
-*(identité et qualité de la personne)* Mme PENISSON-LENETEYE Joëlle, selon l'article 10, lettre b de la Convention

-relationship to the addressee (family, business, or other):
-*liens de parenté, de subordination ou autres, avec le destinataire de l'acte:*   Secrétaire
pour l'agent judiciaire de l'État

~~2) that the document has not been served, by reason of the following facts\*:~~
*~~2. que la demande n'a pas été exécutée, en raison des faits suivants:~~*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or
reimburse the expenses detailed in the attached statement\*.
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont*
*le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*Pièces renvoyées:*

Notice et éléments essentiels de l'acte, en anglais et en français
Ordonnance accordant la Requête du Comité Officiel des
Détenteurs d'Actions de premier Exhibitions, Inc. pour
Intervenir en tant que partie Demanderesse, en anglais et
en français

**In appropriate cases, documents establishing the service:**
*Le cas échéant, les documents justificatifs de l'execution:*
Signification d'acte en provenance de l'étranger

Done at      PARIS                    , the      27/12/16
*Fait à*                                          *, le*

Signature and / or stamp.
*Signature et / ou cachet.*

le SOUBDE-NIWS

**NOTICE**

*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

---

L 'ETAT FRANÇAIS
*également connue sous le nom de* RÉPUBLIQUE FRANÇAISE
*également connue sous le nom de* RÉPUBLIQUE DE LA FRANCE
*représenté par* Monsieur Jean MAIA, Agent Judiciaire du Tresor
6 Rue Louis-Weiss – Télédoc 353
75703 Paris Cedex 13
FRANCE
-OU-
partout où le défendeur peut être trouvé en France

---

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
États-Unis
Tel. 1.904.394.7450

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
États-Unis
Tel. 1.904.394.7450

## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*
**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | Me Karina J. Shreefer et Me Tom R. McLean |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, E.U. |
| | Tel. 1.913.341.3167 |

**Particulars of the parties\*:**
*Identité des parties :*    Dans l'affaire : RMS TITANIC, INC., et al., *Débitrices*

RMS TITANIC, INC., *Demanderesse*

L 'ETAT FRANÇAIS *également connue sous le nom de* RÉPUBLIQUE FRANÇAISE

*également connue sous le nom de* RÉPUBLIQUE DE FRANCE, *Défenderesse*

### JUDICIAL DOCUMENT\*\*
### *ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    D'aviser le défendeur du dépôt d'une requête en intervention
et de l'assigner à répondre ou à comparaître.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*    D'aviser le défendeur qu'une requête en intervention a été déposée
et de l'aviser sur la possibilité de s'y opposer et sur l'audience.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*    Au cas où le défendeur contesterait le redressement exigé dans le document ci-joint, il est tenu de déposer sa
réponse dans les quatorze (14) jours à compter de la date indiquée sur la preuve de la signification jointe aux actes, plus trois jours
supplémentaires pour la signification, auprès du greffier du Tribunal de la faillite des Etats-Unis, District Moyen de Floride, Division de
Jacksonville, sis à : Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, Floride 32202, États-Unis
d'Amérique. En outre, le défendeur est tenu de signifier une copie de sa réponse à Akerman LLP, et à toute autre personne appropriée dans les
délais prévus.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*    S/O

**Date of judgment\*\*:**
*Date de la décision :*    S/O

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*    Au cas où le défendeur contesterait le redressement exigé dans l'acte ci-joint, il est tenu de déposer sa
réponse auprès du greffier du Tribunal dans les quatorze (14) jours à compter de la date indiquée sur la preuve de la signification jointe aux
actes, plus trois jours supplémentaires pour la signification. En outre, le défendeur est tenu de déposer une copie de sa réponse à Akerman LLP
et à toute autre personne appropriée dans les délais. Si le défendeur dépose et signifie sa réponse dans le délai prévu, le Tribunal pourrait fixer
une audience et en aviser le défendeur, ou bien le Tribunal pourrait la réponse et soit accorder ou refuser le redressement demandé sans
audience. Si le défendeur néglige de déposer une réponse dans les délais prévus, le Tribunal estimera que le défendeur ne conteste pas le
redressement requis dans l'acte, procédera à examiner l'acte sans autre avis de signification et pourrait accorder le redressement demandé.

### EXTRAJUDICIAL DOCUMENT\*\*
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*    S/O

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*    S/O

---

\*   If appropriate, identity and address of the person interested in the transmission of the document.
   *S'il y a lieu, identité et adresse de la personne interessée à la transmission de l'acte*
\*\*  Delete if inappropriate.
   *Rayer les mentions inutiles*

•U.S. Government Printing Office 1990-263-211/15302

3



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone (913) 341-3167
Toll Free (800) 755-5775
Telefax (913) 341-3168
www.legallanguage.com

December 2, 2016
*2 décembre 2016*

**To whom it may concern:**
*A qui de droit:*

**This is to certify that the attached translation from English into French is an accurate representation of the document received by this office. This document is designated as:**
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau. Ce document est désigné sous le titre:*

**Hague Service Convention "Notice" and "Summary"**
*Notice et éléments essentiels de l'acte*

**Karina Shreefer, Manager of this company, certifies that Louise Valiquette, who translated this document, is fluent in French and standard North American English and qualified to translate. He/She attests to the following:**
*Karina Shreefer, directeur de cette compagnie certifie que Louise Valiquette, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire. Il/Elle atteste de ce qui suit:*

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

**Signature of Karina Shreefer**
*Signature de Karina Shreefer*

**Subscribed and sworn to before me this December 2, 2016.**
*Déclaration faite sous serment devant moi, le 2 décembre 2016.*

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2016**

*Vicki Farron*
*Notaire, Etat de Kansas*
*Qualifiée dans le Comté de Johnson*
*Certification expire le 9 décembre 2016*

**Sincerely,**
*Sincèrement,*

**Victor J. Hertz**
**President/***Président*

## NOTICE
### (recommended by the Fourteenth Session
### of Hague Conference of October, 1980)

**identity and address of the addressee**
*identité et adresse du destinataire*

---

STATE OF FRANCE *also known as*
FRENCH REPUBLIC *also known as* REPUBLIC OF FRANCE
*represented by* Mr. Jean MAIA, Agent Judiciaire du Tresor
6 Rue Louis-Weiss – Télédoc 353
75703 Paris Cedex 13
FRANCE
**-OR-**
Wherever the Defendant may be found in France

---

### IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT M AY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
U.S.A.
Tel. 1.904.394.7450

### TRÈS IMPORT ANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Three Rivers Legal Services
Jacksonville Office
3225 University Blvd South, Suite 220
Jacksonville, Florida 32216
U.S.A.
Tel. 1.904.394.7450

# SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'etranger des actes judiciaires et extrajudiciares*
*en matière civile au commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| Name and address of the requesting authority: | Karina J. Shreefer, Esq. and Tom R. McLean, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

Particulars of the parties*:
*Identité des parties :*    In re: RMS TITANIC, INC., et al., *Debtors*

RMS TITANIC, INC., *Plaintiff*

STATE OF FRANCE *also known as* FRENCH REPUBLIC *also known as* REPUBLIC OF FRANCE, *Defendant*

### JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*    To give notice to the Defendant of the filing of a Motion to Intervene

and to summon it to answer or otherwise respond.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige :*    To notify the Defendant that a Motion to Intervene has been filed and

to give it notice of an opportunity to object and for hearing.

Date and place for entering appearance**:
*Date et lieu de la comparution :*    If defendant objects to the relief requested in the attached paper it must file with the Clerk of the United States

Bankruptcy Court, Middle District of Florida, Jacksonville Division, located at: Bryan Simpson United States Courthouse, 300 North Hogan
Street, Suite 3-150, Jacksonville, Florida 32202 U.S.A. its response within fourteen (14) days from the date set forth on the proof of service
attached to the papers plus an additional three days for service.  And the Defendant must serve a copy of its response on Akerman LLP, and any
other appropriate persons within the time allowed.

Court which has given judgment**:
*Juridiction qui a rendu la décision :*    N/A

Date of judgment**:
*Date de la décision :*    N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*    If defendant objects to the relief requested in the attached paper it must file with the Clerk of the Court its
response within fourteen (14) days from the date set forth on the proof of service attached to the papers plus an additional three days for service.
And the Defendant must serve a copy of its response on Akerman LLP, and any other appropriate persons within the time allowed.  If Defendant
files and serves a response within the time permitted, the Court may schedule and notify Defendant of hearing, or the Court may consider the
response and may grant or deny the relief requested without a hearing. If Defendant does not file a response within the time permitted, the Court
will consider that the Defendant did not oppose the relief requested in the paper, will proceed to consider the paper without further notice of
hearing, and may grant the relief requested.

### EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*    N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*    N/A

---

*    If appropriate, identity and address of the person interested in the transmission of the document.
     *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
**   Delete if inappropriate.
     *Rayer les mentions inutiles*                                    3

★U.S. Government Printing Office: 1990-262-211/15302



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone (913) 341-3167
Toll Free (800) 755-5775
Telefax (913) 341-3168
www.legallanguage.com

December 2, 2016
*2 décembre 2016*

To whom it may concern:
*A qui de droit:*

This is to certify that the attached translation from English into French is an accurate representation of the document received by this office. This document is designated as:
*Je certifie par la présente que la traduction ci-jointe d'anglais en français est une représentation exacte du document reçu par ce bureau. Ce document est désigné sous le titre:*

**Motion of the Official Committee of Equity Security Holders of Premier Exhibitions, Inc., to Intervene as a Party Plaintiff**
*Ordonnance accordant la Requête du Comité Officiel des Détenteurs d'Actions de premier Exhibitions, Inc. pour Intervenir en tant que partie Demanderesse*

**Karina Shreefer, Manager of this company, certifies that Louise Valiquette, who translated this document, is fluent in French and standard North American English and qualified to translate. He/She attests to the following:**
*Karina Shreefer, directeur de cette compagnie certifie que Louise Valiquette, qui a traduit ce document, parle couramment le français et l'anglais nord américain standard, et est qualifié(e) pour traduire. Il/Elle atteste de ce qui suit:*

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
*« Pour autant que je sache, le texte ci-joint est une traduction véridique, complète et exacte du document en question. »*

K. Sh

Signature of Karina Shreefer
*Signature de Karina Shreefer*

Subscribed and sworn to before me this December 2, 2016.
*Déclaration faite sous serment devant moi, le 2 décembre 2016.*

Vicki Farron

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2016**

*Vicki Farron*
*Notaire, Etat de Kansas*
*Qualifiée dans le Comté de Johnson*
*Certification expire le 9 décembre 2016*

Sincerely,
*Sincèrement,*

**Victor J. Hertz**
**President/*Président***

### TRIBUNAL DE FAILLITE DES ÉTATS-UNIS
### DISTRICT CENTRAL DE LA FLORIDE
### DIVISION DE JACKSONVILLE

Dans l'affaire :

| | |
|---|---|
| RMS TITANIC, INC. *et autres,*[1] | Affaire nº 3:16-bk-02230-PMG<br>Chapitre 11 |
| Débitrices. | Administration conjointe |

---

| | |
|---|---|
| RMS TITANIC, INC., | |
| Demanderesse, | Proc. contrad. nº 3:16-ap-00183-PMG |
| contre | |
| RÉPUBLIQUE FRANÇAISE<br>également connue sous le nom de RÉPUBLIQUE DE FRANCE, | |
| Défenderesse. | |

---

### REQUÊTE DU COMITÉ OFFICIEL DES DÉTENTEURS D'ACTIONS DE PREMIER EXHIBITIONS, INC. POUR INTERVENIR EN TANT QUE PARTIE DEMANDERESSE

#### AVIS DE POSSIBILITÉ DE FAIRE OBJECTION ET D'AUDITION

Conformément à la Règle locale 2002-4, le Tribunal examinera cette requête sans autre avis ou audition à moins qu'une partie intéressée ne dépose une réponse dans un délai de quatorze (14) jours de la date indiquée sur la preuve de signification jointe au présent document plus trois autres jours de signification. Si vous vous objectez au redressement demandé dans ce document, vous devez déposer votre réponse auprès du greffier du tribunal à 300 North Hogan Street, Suite 3-150, Jacksonville, Floride 32202, et signifier une copie à Me Jacob A. Brown, Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, et toute autre personne appropriée dans le délai imparti.

Si vous déposez et signifiez une réponse dans le délai autorisé, le Tribunal peut fixer une audition et vous en aviser, ou le Tribunal peut prendre en compte la réponse et peut accorder ou refuser le redressement demandé sans audition. Si vous ne déposez pas une réponse dans le

---

[1] Les Débitrices dans les affaires en vertu du chapitre 11, concurremment avec les quatre derniers chiffres du numéro d'identification de chaque Débitrice aux fins fiscales fédérales, comprennent : RMS Titanic, Inc. (3162) ; Premier Exhibitions, Inc. (4922) ; Premier Exhibitions Management, LLC (3103) ; Arts and Exhibitions International (3103) ; Premier Exhibitions International, LLC (5075) ; Premier Exhibitions NYC, Inc. (9246) ; Premier Merchandising, LLC (3867) ; et Dinosaurs Unearthed Corp. (7309). L'adresse des Débitrices aux fins de signification est 3045 Kingston Court, Suite 1, Peachtree Corners, Georgia 30071.

{40057679;1}

délai autorisé, le Tribunal viendra à la conclusion que vous ne vous objectez pas au redressement demandé dans le document, examinera le document sans autre avis ou audition et peut accorder le redressement demandé.

Le Comité officiel des détenteurs d'actions (le « Comité des actionnaires ») de Premier Exhibitions, Inc. (« Premier »), Débitrice du chapitre 11 dans l'affaire n° 3:16-bk-02232-PMG et la société mère de RMS Titanic, Inc. (« RMST »), Débitrice du chapitre 11 dans l'affaire n° 3:16-bk-02230-PMG, s'adresse par les présentes au Tribunal par requête (la « Requête ») pour obtenir le prononcé d'une ordonnance revêtant essentiellement la forme jointe aux présentes en **Annexe A**, autorisant le Comité des actionnaires à intervenir en tant que partie demanderesse dans la procédure contradictoire en rubrique (la « Procédure contradictoire »). Au soutien de la Requête, le Comité des actionnaires déclare ce qui suit :

## I.

## FAITS DE BASE

1.      Le 14 juin 2016 (la « Date de la demande »), chacune des Débitrices a déposé une demande volontaire de redressement en vertu du chapitre 11 du Code de la faillite, intentant ainsi l'affaire de faillite en rubrique sous administration conjointe (« l'Affaire de faillite »).

2.      Les Débitrices continuent à exploiter leurs activités en tant que débitrices en possession en vertu des articles 1107 et 1108 du Code de la faillite.

3.      Aucun syndic ou administrateur judiciaire n'a été nommé dans l'Affaire de faillite.

4.      Le 24 août 2016, le syndic intérimaire des États-Unis, Guy G. Gebhardt, a nommé les membres du Comité des actionnaires. Le 31 août 2016, le Comité des actionnaires a retenu les services de Landau Gottfried & Berger LLP en tant que conseillers juridiques en matière générale de faillite.

5.      Le 14 octobre 2016, le Tribunal a prononcé une ordonnance  autorisant le Comité des actionnaires à employer Landau Gottfried & Berger LLP en tant que conseillers juridiques du Comité des actionnaires en matière générale de faillite. [n° de répertoire 277.]

## II.

### DÉBUT DE LA PROCÉDURE CONTRADICTOIRE

6.       Le 17 août 2016, RMST a intenté la présente Procédure contradictoire en déposant une Plainte contre la défenderesse République française, également connue sous le nom de République de France (« France »). [n° de répertoire 1.]. La Plainte vise à obtenir un jugement déclaratoire à l'effet que la France n'a aucun intérêt aux soi-disant « Artefacts français ».[2]

7.       Selon la Déclaration de Joanna Sirour [n° de répertoire 4] faite le 31 août 2016, RMST a signifié la Plainte en France au moyen d'un huissier spécial. RMST a également fait parvenir l'assignation en France par courrier.

8.       La France n'a pas déposé une réponse à la Plainte.

9.       Le 4 novembre 2016, RMST a déposé une Requête en jugement par défaut contre la France en vertu de la Règle locale 7001-1(e).

## III.

### REDRESSEMENT DEMANDÉ

10.       Le Comité des actionnaires recherche le prononcé d'une ordonnance, en vertu de la Règle fédérale de procédure civile 24(a)(1), (a)(2) et (b)(2), rendue applicable à la présente procédure par la Règle fédérale de procédure en matière de faillite 7024, autorisant le Comité des actionnaires à intervenir dans la Procédure contradictoire en tant que partie demanderesse. Les réclamations et les défenses que le Comité des actionnaires cherche à faire valoir dans la Procédure contradictoire sont les mêmes réclamations et défenses que RMST a présentées. *Voir* art. 24(c) des Règles fédérales de procédure civile; *Anderson v. HNS, LP Ingenious Designs, Inc. (In re Donovan)*, 2004 WL 5848453, à *4 (N.D. Ga. 27 sept. 2004) (concluant qu'il n'est pas nécessaire de joindre un acte de plaidoirie à une requête en intervention lorsque la partie défenderesse a été avisée de la nature des réclamations de la partie intervenante).

---

[2] Le Tribunal se rappellera que les « Artefacts français » et la capacité de RMST de se départir de ces actifs sont l'objet de *l'Ordonnance sur la requête visant à obtenir une ordonnance autorisant les Débitrices à commercialiser et vendre certains artefacts du Titanic libres et exempts de privilèges, de réclamations et d'intérêts* du présent Tribunal [n° de répertoire 102 dans l'affaire n° 3:16-bk-02230-PMG.] RMST a déposé la Procédure contradictoire suivant la détermination par le présent Tribunal à l'effet que la demande de RMST de commercialiser et vendre les Artefacts français libres et exempts de tout intérêt dans ces actifs doit être faite au moyen d'une procédure contradictoire.

## IV.

### ARGUMENT

11.     Le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle fédérale de procédure civile 24(a)(1). Cette Règle prévoit que le tribunal doit permettre à toute partie d'intervenir lorsque cette partie jouit d'un droit inconditionnel d'intervenir en vertu d'une loi fédérale. La Règle 24(a)(1) prévoit plus particulièrement que « toute personne doit être autorisée à intervenir dans une action » si une loi fédérale autorise le droit inconditionnel d'intervenir. Règle fédérale de procédure civile 24(a)(1).

12.     L'article 1109 du Code de la faillite prévoit que, en tant que partie intéressée, un comité de détenteurs d'actions a le droit de soulever, de comparaître et d'être entendu sur toute question dans une affaire en vertu du chapitre 11. *Voir* article 1109(b) du titre 11 du United States Code.

13.     Un certain nombre de tribunaux, y compris le présent Tribunal, ont conclu que, sur la base du droit réglementaire créé par l'article 1109(b) du Code de la faillite, les comités officiels ont un droit absolu d'intervenir dans des procédures contradictoires. Voir *Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 166 (2d Cir. 2002) (renversant les ordonnances du tribunal de la faillite et du tribunal de première instance rejetant le droit d'un comité d'intervenir et jugeant que le comité avait un droit réglementaire inconditionnel d'intervenir en tant que partie intéressée) ; *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006) (reconnaissant que parce que l'autorisation prévue par l'article 1109(b) de comparaître et d'être entendu sur « toute question d'une affaire » s'applique aux procédures contradictoires qui sont en instance dans l'affaire de faillite principale, le statut d'une entité en tant que « partie intéressée » accorde à cette entité un droit inconditionnel d'intervenir) ; *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992).

14.    Étant donné que le statut d'une entité en tant que « partie intéressée » en vertu de l'article 1109(b) satisfait la norme d'intervention exigée par la Règle 24(a)(1), et étant donné que le Comité des actionnaires est indéniablement une « partie intéressée » en vertu de l'article 1109(b), le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle 24(a)(1). *Celotex Corp.*, 377 B.R. à 350 (« Le statut d'une entité en tant que « partie intéressée » en vertu de l'article 1109(b) satisfait la norme d'intervention requise par la Règle 24(a)(1) des Règles fédérales de procédure civile, étant donné qu'une loi des États-Unis confère un droit inconditionnel d'intervenir. Étant donné que le Représentant légal, le TAC et le PDAC sont jugés de manière concluante être des « parties intéressées » en vertu de l'article 1109(b) en vertu du Plan de confirmation de l'ordonnance, ils doivent être autorisés à intervenir dans la présente procédure aux termes de la Règle 24(a)(1) »). (citations omises).

15.    Le Comité des actionnaires doit également être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle 24(a)(2). Cette Règle oblige un tribunal à permettre à une entité d'intervenir si cette entité « revendique un droit aux biens ou à la transaction faisant l'objet de l'action, et est dans une situation telle qu'une décision prise sur l'action peut à toutes fins pratiques compromettre ou affecter la capacité [de cette entité] de protéger son droit, à moins que les parties existantes ne représentent adéquatement ce droit. »). Règle fédérale de procédure civile 24(a)(2). Un intervenant proposé a un « fardeau minimal de montrer que les parties existantes ne peuvent représenter adéquatement son droit ». *Georgia v. U.S. Army Corps of Engineers, et al.*, 302 F.2d 1242, 1259 (11th Cir. 2002).

16.    Le Comité des actionnaires a un intérêt indéniable à s'assurer que les Artefacts français sont jugés être la propriété de la masse, parce qu'une telle détermination aura un effet significatif sur les actifs disponibles pour distribution aux créanciers et aux détenteurs d'actions dans les affaires des Débitrices. Étant donné que les détenteurs d'actions ont une priorité plus basse que celle des créanciers généraux non garantis dans le plan de distribution du Code de la faillite, le Comité des actionnaires n'a aucune façon de protéger les intérêts des détenteurs d'actions autre que d'aider RMST à obtenir la détermination que les Artefacts français sont la propriété de la masse (ceci est particulièrement le cas parce que RMST a une obligation fiduciaire envers ses créanciers non garantis qui peut entrer en conflit

{40057679;1}                                                    5

avec son obligation fiduciaire envers les détenteurs d'actions). Voir *Golden Glades Reg'l Med. Ctr.,* 147 B.R. à 816 (« En tant que créancier non garanti, Blue Cross a un intérêt indéniable aux fonds dont on cherche le recouvrement. Étant donné qu'elle n'a aucune garantie pour protéger par ailleurs son intérêt non garanti, Blue Cross n'a d'autre façon de protéger son intérêt non garanti que d'aider au recouvrement des fonds au bénéfice des créanciers non garantis. En outre, étant donné que la créance non garantie de l'intérêt non garanti de Blue Cross est d'importance, elle ne peut être adéquatement représentée par les parties existantes. Blue Cross a donc satisfait à ce fardeau minimal, et l'intervention en vertu des Règles fédérales de procédure civile 7024(a)(2) et 24(a)(2) est appropriée et il doit être fait droit à la Requête. »).

17.     En outre, depuis que cette affaire de faillite est en instance, la Débitrice a essuyé une série de revirements dans son effort de vendre les Artefacts français. Les difficultés procédurales auxquelles la Débitrice est confrontée sont un motif de préoccupation pour le Comité des actionnaires parce que les détenteurs d'actions ont un intérêt considérable aux actifs qui sont au cœur de cette procédure. Par son intervention, le Comité des actionnaires pourra protéger et préserver ces intérêts. Il est donc clair que le Comité des actionnaires a un intérêt aux biens ou à la transaction faisant l'objet de la Procédure contradictoire et qu'il est également approprié de permettre au Comité des actionnaires d'intervenir en vertu de la Règle 24(a)(2).

18.     Enfin, le Comité des actionnaires doit être autorisé à intervenir dans la Procédure contradictoire en vertu de la Règle fédérale de procédure civile 24(b). Cette Règle prévoit que, sur présentation d'une demande ponctuelle, toute personne peut être autorisée à intervenir dans une action lorsque la personne présentant la demande a une réclamation ou une défense ayant une question commune de droit ou de fait avec l'action principale. Règle fédérale de procédure civile 24(b)(1)(B). Dans le cas présent, le Comité des actionnaires a intérêt à s'assurer que les Artefacts français sont jugés être la propriété de la masse et, une fois cette détermination faite, que ces actifs sont adéquatement administrés. En ce sens, la réclamation du Comité des actionnaires est identique à la réclamation de RMST dans la Procédure contradictoire. Le Comité des actionnaires a donc une réclamation qui partage « une question commune de droit ou de fait » avec la réclamation faite par RMST dans la Procédure contradictoire. En

- et –

**AKERMAN LLP**
Par : */s/ Jacob A. Brown*
Jacob A. Brown
Barreau de la Floride n° 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (télécopieur)
Jacob.brown@akerman.com

Avocats du Comité officiel des détenteurs
d'actions de Premier Exhibitions, Inc.

## ATTESTATION DE SIGNIFICATION

J'ATTESTE PAR LES PRÉSENTES qu'une copie de ce qui précède a été remise par notification
électronique ou service postal des États-Unis, préaffranchi et dûment adressé, en ce 21ᵉ jour de novembre
2016 à :

Me Daniel F. Blanks
Nelson Mullins Riley & Scarborough LLP
50 North Laura Street, Suite 4100
Jacksonville, FL 32202

Marie-Laurence Navarri                    Ministre de l'Environnement, de l'Énergie et de
Magistrat de liaison aux États-Unis       la Mer, Tour A et B,
Attachée de justice, Ambassade française  Tour Sequoia, 92055 La Défense CEDEX
4101 Reservoir Road                       France
Washington, DC 20007


*/s/ Jacob A. Brown*
Avocat

**TRIBUNAL DE FAILLITE DES ÉTATS-UNIS**
**DISTRICT CENTRAL DE LA FLORIDE**
**DIVISION DE JACKSONVILLE**
**www.flmb.uscourts.gov**

Dans l'affaire :

RMS TITANIC, INC. *et autres,*[3]

      Débitrices.

Affaire nº 3:16-bk-02230-PMG
Chapitre 11

Administration conjointe

RMS TITANIC, INC.,

      Demanderesse,

contre

RÉPUBLIQUE FRANÇAISE
également connue sous le nom de RÉPUBLIQUE DE FRANCE,

      Défenderesse.

Proc. contrad. nº 3:16-ap-00183-PMG

**ORDONNANCE ACCORDANT LA REQUÊTE DU COMITÉ OFFICIEL DES DÉTENTEURS**
**D'ACTIONS DE PREMIER EXHIBITIONS, INC.**
**POUR INTERVENIR EN TANT QUE PARTIE DEMANDERESSE**

Le Tribunal ayant été saisi de la présente PROCÉDURE à la requête (la « Requête »)[4] du Comité

---

[1] Les Débitrices dans les affaires en vertu du chapitre 11, concurremment avec les quatre derniers chiffres du numéro d'identification de chaque Débitrice aux fins fiscales fédérales, comprennent : RMS Titanic, Inc. (3162) ; Premier Exhibitions, Inc. (4922) ; Premier Exhibitions Management, LLC (3103) ; Arts and Exhibitions International, LLC (3103) ; Premier Exhibitions International, LLC (5075) ; Premier Exhibitions NYC, Inc. (9246) ; Premier Merchandising, LLC (3867) ; et Dinosaurs Unearthed Corp. (7309). L'adresse des Débitrices aux fins de signification est 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057679;1}

**PIÈCE A**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC. *et al.,*[1]

      Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11

Jointly Administered

---

RMS TITANIC, INC.,

      Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

      Defendant.

Adv. Pro. No. 3:16-ap-00183-PMG

---

### MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC., TO INTERVENE AS A PARTY PLAINTIFF

#### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files a response within fourteen (14) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202, and serve a copy on Jacob A. Brown, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057679;1}

the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc. ("RMST"), the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, hereby moves (the "Motion") the Court for entry of an order in substantially the form attached hereto as **Exhibit A**, authorizing the Equity Committee to intervene as a party plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of the Motion, the Equity Committee states as follows:

## I.

### BACKGROUND FACTS

1.      On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

2.      The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.      No trustee or examiner has been appointed in the Bankruptcy Case.

4.      On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee. On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP as its general bankruptcy counsel.

5.      On October 14, 2016, the Court entered an order authorizing the Equity Committee's employment of Landau Gottfried & Berger LLP as the Equity Committee's general bankruptcy counsel. [Docket No. 277.]

Case 3:16-ap-00183-PMG    Doc 19    Filed 11/21/16    Page 3 of 10

## II.

## COMMENCEMENT OF THE ADVERSARY PROCEEDING

6.     On August 17, 2016, RMST commenced this Adversary Proceeding by filing a Complaint against defendant French Republic a/k/a Republic of France ("France"). [Docket No. 1.] The Complaint seeks a declaratory judgment that France has no interest in the so-called "French Artifacts."[2]

7.     According to the Declaration of Joanna Sirour [Docket No. 4], on August 31, 2016, RMST served the Complaint on France by way of a special process server.  RMST also mailed the summons to France.

8.     France has not filed a response to the Complaint.

9.     On November 4, 2016, RMST filed a Motion for Default Judgment against France pursuant to Local Rule 7001-1(e).

## III.

## RELIEF REQUESTED

10.     The Equity Committee seeks entry of an order, pursuant to Federal Rule of Civil Procedure 24(a)(1), (a)(2), and (b)(2), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7024, authorizing the Equity Committee to intervene in the Adversary Proceeding as a party plaintiff.  The claims and defenses that the Equity Committee seeks to assert in the Adversary Proceeding are the same claims and defenses that RMST has asserted. *See* Fed. R. Civ. P. 24(c); *Anderson v. HNS, LP Ingenious Designs, Inc. (In re Donovan)*, 2004 WL 5848453, at *4 (N.D. Ga. Sept. 27, 2004) (concluding that it is not necessary to attach a

---

[2]  As the Court will recall, the "French Artifacts," and RMST's ability to dispose of those assets, are the subject of this Court's *Order on Motion for Order Authorizing the Debtors to Market and Sell Certain Titanic Artifacts Free and Clear of Liens, Claims, and Interests* [Docket No. 102 in Case No. 3:16-bk-02230-PMG.] RMST filed the Adversary Proceeding following this Court's determination that RMST's request to market and sell the French Artifacts free and clear of any interest in those assets should be done by way of an adversary proceeding.

pleading to an intervention motion when the defendant has been put on notice of the nature of the intervenor's claims).

## IV.

## ARGUMENT

11.    The Equity Committee should be permitted to intervene in the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24(a)(1).  That Rule provides that the court must permit any party to intervene where such party is given an unconditional right to intervene by a federal statute.  Specifically, Rule 24(a)(1) provides that "anyone shall be permitted to intervene in an action" if a federal statute authorizes the unconditional right to intervene. Fed. R. Civ. P. 24(a)(1).

12.    Section 1109 of the Bankruptcy Code provides that, as a party in interest, an equity security holders' committee has a right to raise, appear, and be heard on any issue in a case under Chapter 11.  *See* 11 U.S.C. § 1109(b).

13.    A number of courts, including this Court, have concluded that based on the statutory right created by section 1109(b) of the Bankruptcy Code, official committees have an absolute right to intervene in adversary proceedings. *See Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 166 (2d Cir. 2002) (reversing bankruptcy and district court orders denying a committee's right to intervene and holding that committee had unconditional statutory right as a party in interest to intervene); *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006) (recognizing that because the authorization provided by Section 1109(b) to appear and be heard on "any issue in a case" extends to adversary proceedings pending in the main bankruptcy case, an entity's status as a "party in interest" grants that entity an unconditional right

to intervene); *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992).

14.    Because an entity's status as a "party in interest" under section 1109(b) satisfies the standard for intervention required by Rule 24(a)(1), and because the Equity Committee is unquestionably a "party in interest" under section 1109(b), the Equity Committee must be permitted to intervene in the Adversary Proceeding pursuant to Rule 24(a)(1). *Celotex Corp.*, 377 B.R. at 350 ("An entity's status as a 'party in interest' under §1109(b) satisfies the standard for intervention required by Rule 24(a)(1) of the Federal Rules of Civil Procedure, since a statute of the United States confers an unconditional right to intervene. Since the Legal Representative, the TAC, and the PDAC are conclusively determined to be 'parties in interest' under §1109(b) by virtue of the Order Confirming Plan, they should be permitted to intervene in this proceeding pursuant to Rule 24(a)(1).") (internal citations and quotations omitted).

15.    The Equity Committee also should be permitted to intervene in the Adversary Proceeding pursuant to Rule 24(a)(2). That Rule requires a court to permit an entity to intervene if that entity "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [that entity's] ability to protect its interest, unless existing parties adequately represent that interest."). Fed. R. Civ. P. 24(a)(2). A proposed intervenor has a "minimal burden of showing that the existing parties cannot adequately represent its interest." *Georgia v. U.S. Army Corps of Engineers, et al.*, 302 F.2d 1242, 1259 (11th Cir. 2002).

16.    The Equity Committee has an undeniable interest in ensuring that the French Artifacts are determined to be property of the estate, because such a determination will have a significant effect on the assets available for distribution to creditors and equity security holders

in the Debtors' cases. Because equity security holders have lower priority in the Bankruptcy Code's distribution scheme than general unsecured creditors, the Equity Committee has no other way to protect the interests of equity security holders other than to assist RMST in obtaining the determination that the French Artifacts are property of the estate (this is particularly the case because RMST has a fiduciary obligation to its unsecured creditors that may conflict with its fiduciary obligation to equity security holders). *See Golden Glades Reg'l Med. Ctr.*, 147 B.R. at 816 ("As an unsecured creditor, Blue Cross has an undeniable interest in the funds which are sought to be recovered. Because it has no security to otherwise protect its unsecured interest, Blue Cross has no other way to protect its unsecured interest other than to assist in recovering funds for the benefit of the unsecured creditors. In addition, because the unsecured claim of Blue Cross unsecured interest is substantial, it may not be adequately represented by existing parties. Therefore, Blue Cross has met this minimal burden, and intervention under FRCP 7024(a)(2) and FRCP 24(a)(2) is appropriate and the Motion should be granted.").

17.    Moreover, in the time that this bankruptcy case has been pending, the Debtor has suffered a series of setbacks in its effort to sell the French Artifacts. The procedural difficulties in which the Debtor has been mired are of particular concern to the Equity Committee because equity holders have a significant interest in the assets that are at the center of this proceeding. Through its intervention, the Equity Committee will be able to protect and preserve these interests. Accordingly, it is clear that the Equity Committee has an interest relating to the property or transaction which is the subject of the Adversary Proceeding, and that permitting the Equity Committee to intervene pursuant to Rule 24(a)(2) also is appropriate.

18.    Finally, the Equity Committee should be permitted to intervene in the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24(b). That Rule provides that, upon a

timely application, anyone may be permitted to intervene in an action when the applicant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Here, the Equity Committee has an interest in ensuring that the French Artifacts are determined to be property of the estate and, upon such determination, that these assets are properly administered. In that sense, the Equity Committee's claim is identical to the claim of RMST in the Adversary Proceeding. Therefore, the Equity Committee has a claim that shares "a common question of law or fact" with the claim asserted by RMST in the Adversary Proceeding. Moreover, intervention by the Equity Committee will not unduly delay or prejudice the adjudication of the original parties' rights in the Adversary Proceeding. *See* Fed. R. Civ. P. 24(b)(3). The Adversary Proceeding is at a preliminary stage and, other than the Complaint and Motion for Default filed by RMST, no substantive pleadings or papers have been filed. Accordingly, the Equity Committee should be permitted to intervene in the Adversary Proceeding as a party plaintiff pursuant to Rule 24(b).

## V.

## CONCLUSION

For the reasons set forth above, the Equity Committee respectfully requests that the Motion be granted, and that the Court enter an order authorizing the Equity Committee to intervene in the Adversary Proceeding as a party plaintiff pursuant to Federal Rule of Civil Procedure 24 in the form attached hereto as **Exhibit A** and for such other and further relief as the Court deems necessary and appropriate.

Date: November 21, 2016

Peter J. Gurfein
Roye Zur
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, California 90067
(310) 557-0050
(310) 557-0056 (Facsimile)

{40057679;1}                                      7

pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity
Security Holders of Premier Exhibitions, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. mail, postage prepaid and properly addressed, this 21st day of November, 2016 to:

Daniel F. Blanks, Esq.
Nelson Mullins Riley & Scarborough LLP
50 North Laura Street, Suite 4100
Jacksonville, FL 32202

Marie-Laurence Navarri
Magistrat de liaison aux Etats-Unis
Justice Attache, French Embassy
4101 Reservoir Road
Washington, D.C. 20007

Ministre de l'Environment, de l'Energir et de
la Mer, Tour A et B,
Tour Sequoia, 92055 La Defense CEDEX,
France

*/s/ Jacob A. Brown*
Attorney

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

RMS TITANIC, INC. *et al.,*[1]

        Debtors.

_____

RMS TITANIC, INC.,

        Plaintiff,

vs.

FRENCH REPUBLIC
a/k/a REPUBLIC OF FRANCE,

        Defendant.

_____

Case No. 3:16-bk-02230-PMG
Chapter 11

Jointly Administered

Adv. Pro. No. 3:16-ap-00183-PMG

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE**
**OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC.,**
**TO INTERVENE AS A PARTY PLAINTIFF**

    THIS PROCEEDING came before the Court upon the Motion (the "Motion")[2] of the

Official Committee of Equity Security Holders of Premier Exhibitions, Inc., authorizing the

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3103); Arts and Exhibitions International, LLC (3103); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); ;Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40057682;1}

**Exhibit A**

Equity Committee to Intervene as a Party Plaintiff in this Adversary Proceeding.  There being no objection to the Motion after proper notice to interested parties pursuant to Local Bankruptcy Rule 2002-4 and FLMB-2014-10 Administrative Order Prescribing Procedures for Adversary Proceedings on November 14, 2016, it is

**ORDERED**:

1.    The Motion is GRANTED.

2.    The Equity Committee is authorized to intervene in this Adversary Proceeding as Party Plaintiff.

3.    The Equity Committee, should it intend to assert additional causes of action, shall have 14 days from the date of this Order to file its Intervener's Complaint.

Attorney Jacob A. Brown is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

---

[2] Defined terms from the Motion are incorporated by reference herein.

{40057682;1}

2

**Exhibit A**